Joseph H. Butters, as Administrator *cum Testamento Annexo* of the estate of Loomis C. Gowen, and Fred A. Gowen v. Harriet I. Gowen, formerly known as Harriet I. Williams.

189 So. 278

Opinion Filed May 23, 1939

*S. J. Barco* and *Roy S. Wood,* for Appellants;

*Gordon R. Broome,* for Appellee.

BUFORD, J.—On appeal we review order of the Circuit Court as follows: "This cause came on to be heard upon plaintiff's motion to strike the special appearance of defendants Joseph H. Butters as Administrator *cum testamento annexo* of the estate of Loomis C. Gowen, deceased, and Fred A. Gowen, and it appearing to the court that defendants have also filed a motion to dismiss the bill for lack of jurisdiction, after argument of counsel and being advised in the premises, it is

"Ordered, Adjudged and Decreed that the special appearance of the defendants considered together with defendants' motion to dismiss must be construed as a general appearance of the defendants, Joseph H. Butters, as Administrator *cum testamento annexo* of the estate of Loomis C. Gowen, deceased, and Fred A. Gowen, in said action and defendants are allowed until the Rule Day in May, 1938, to answer the bill of complaint.

"Done and Ordered in chambers at Miami, Florida, this 28th day of March, A. D. 1938."

On the 4th day of January, 1938, plaintiff in the Circuit Court, appellee here, exhibited her bill of complaint in the Circuit Court of Dade County, Florida, against some twenty defendants among whom were the appellants in this cause. The salient allegations of the bill of complaint, in effect, are:

That the complainant is a resident of Dade County, Florida, and has been so for many years, and that the defendants are non-residents of the State of Florida.

That one Loomis C. Gowen was on the 19th day of November, 1936, a resident of the State of Florida and Dade County and had been a resident thereof for several years prior to that date and that on the 19th day of November, 1936, the complainant and Loomis C. Gowan entered into a common law marriage and that pursuant to the consummation of such common law marriage the complainant and Loomis C. Gowen lived together as husband and wife in Dade County, Florida, from November 19, 1936, until the date of the death of said Loomis C. Gowen, which occurred in Dade County, Florida, on March 9, 1937. That complainant, at the time of the consummation of the marriage was thirty-two years of age and that Loomis C. Gowen was of the age of sixty-eight years, or more. That both the complainant and Loomis C. Gowen at the time of

the common law marriage with each other were competent to enter into a marriage contract; that the marriage under the laws of the State of Florida was the legal and valid marriage; that no record of the solemnization of the marriage so contracted between the said parties had been established, or existed at the time of the filing of the bill of complaint. That at the time of the death of Loomis C. Gowen he left what purported to be a Last Will and Testament dated December 9, 1934, and that such Last Will and Testament was executed by him at Newton in the State of Massachusetts and at that time complainant was not the wife of Loomis C. Gowen and that the complainant was not named as a beneficiary of said will; that after the marriage Loomis C. Gowen disclosed to the complainant that he had executed such a will and that he intended to revoke and change the will and make the complainant his beneficiary so that complainant would be amply provided for in case of his death. That complainant has obtained a copy of the alleged will from the Registry of Probate of the Commonwealth of Massachusetts and therefrom has learned that no provision was made in said will for her; that at the time of the death of Loomis C. Gowen he left certain property in money and other securities and real estate; that by reason of said marriage the complainant is entitled to a part of the estate of Loomis C. Gowen and that his marriage to the complainant had the effect in law of revoking the will.

The purpose of the bill is to have a decree adjudicating the existence of the marriage relations between the parties Loomis C. Gowen and the complainant and to establish a record of the existence of the lawful and valid marriage under the laws of the State of Florida.

No other relief is sought.

There is no question about the regularity of the construc-

tive service on the defendants except what is contained in the motion to dismiss the bill. The defendants named in the special appearance filed the following:

"IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.

"IN CHANCERY. No. 51286-A.

"HARRIET I. GOWEN, formerly known as Harriet I. Williams, Complainant, v. JOSEPH H. BUTTS, as Administrator *Cum Testamento Annexo* of the estate of Loomis C. Gowen, deceased; FRED A. GOWEN, *et al.*, Defendants.

"SPECIAL APPEARANCE.

"Come now Joseph H. Butters as Administrator *Cum Testamento Annexo* of the estate of Loomis C. Gowen, deceased, and Fred A. Gowen, and specially appear in this cause for the sole purpose of contesting the jurisdiction of the Court over them.

"S. J. BARCO, Solicitor for Joseph H. Butters, as Administrator *Cum Testament Annexo* of the estate of Loomis C. Gowen, deceased, and Fred A. Gowen."

And, thereafter, they filed their motion to dismiss the bill for lack of jurisdiction, in the following language:

"Come now Joseph H. Butters, as Administrator, *cum testamento annexo* of the estate of Loomis C. Gowen, deceased, and Fred A. Gowen, and pursuant to their special appearance in this cause and for the sole purpose of contesting the jurisdiction of the court over them, and moves the court to set aside the order for constructive service and to quash the service in this cause and for grounds of said motion say:

"1. The decedent, Loomis C. Gowen, was not at the

time of his death a resident of the State of Florida and was not a resident of the State of Florida on the 19th day of November, 1936, and at the time of the alleged common law marriage between him and the complainant herein as set out in the bill of complaint, and he was not a resident of the State of Florida at any time between said dates, but on the contrary was at all such times and at the time of his death a resident of the State of Massachusetts. So it is that the courts of the St ite of Massachusetts have the exclusive jurisdiction to adjudicate the validity of the alleged marriage set out in the bill of complaint.

"WHEREFORE, defendants pray that the court take testimony and determine the residence of the said Loomis C. Gowen at the time hereinbefore set out, and that the said determination by the court be done before proceeding to a hearing of this cause on the merits, and thereupon that the court adjudicate that it is without jurisdiction to hear and determine said cause.

"S. J. Barco, Solicitor for Defendant."

It appears to us to be too clear to admit of any contrary argument that had Loomis C. Gowen and the complainant gone through the conventional marriage ceremony and thereafter lived in the State of Florida as man and wife until a later date, whether such time of so cohabitating together continued for a few weeks or many years and then Loomis C. Gowen had deserted the complainant and left her, going to some state other than the State of Florida, even into the State of Massachusetts from whence he came, that the courts of Florida would have unquestionable jurisdiction to hear and determine a divorce proceeding brought in the State of Florida by the wife against the deserting spouse and if constructive service were had upon the deserting spouse, as is by law required, that then the court would have jurisdiction of both the subject matter and the

parties. A logical corralary is that if the courts would under such conditions acquire jurisdiction to annul a marriage, certainly they may· likewise acquire jurisdiction to decree the validity of a marriage because there must first be a marriage, either valid or invalid, before a decree of divorce may be entered. The sufficiency of the allegations of the bill of complaint is not before us for determination. Whether or not the allegations of the bill are such as to constitute a basis for the relief prayed is a matter to be presented to the lower court by proper pleadings.

The only question which the record here presents is whether or not the motion to dismiss the bill for lack of jurisdiction constitutes a general appearance as was held by the Chancellor. The allegations of the motion were not verified and therefore the motion could not be considered as a plea. The motion did not allege that the complainant was not a resident of the State of Florida or that she had not been such resident as was alleged in her bill of complaint. It did not allege that the common law marriage was not consummated in the State of Florida and for these several reasons was not sufficient as a plea to the jurisdiction of the court. A plea to the jurisdiction of the court may be presented under a special appearance for that purpose only. See McQueen v. McQueen, 131 Fla. 448, 179 So. 725. Under such special appearance, if and when by sufficient pleading, the question of jurisdiction is presented that question must be determined by the court as an issue of law and fact before the court may proceed with the disposition of the cause on the merits. If the questions' presented by the plea to the jurisdiction are determined adversely to the defendant, then his appearance becomes a general appearance, but if the plea to the jurisdiction is sustained the matter is ended. This is the logical rationale of the opinions and judgments in the case of McQueen v.

McQueen, *supra,* and in Bowmall v. Bowmall, 127 Fla. 747, 174 Sou. 14.

On authority of the opinion and judgment in the case of Bowmall v. Bowmall, *supra,* we must hold that the Chancellor did not err in holding that the motion to dismiss the bill for lack of jurisdiction constituted a general appearance, and requiring the defendant to answer.

The motion of plaintiff to strike the motion to dismiss the bill for lack of jurisdiction should have been granted on the second and third grounds thereof, which are as follows:

"The so called motion to dismiss as to the jurisdiction of this court over the defendants is vague, indefinite and a nullity in that same is not verified by the said defendant or any of the defendants as required by the statute.

"The question of the residence of Loomis C. Gowen, deceased, as to his being a resident of the State of Florida on the 19th day of November, 1936, at the time of the alleged common law marriage between him and the complainant is not the subject of a motion to quash the service or in support of the special appearance or the jurisdiction of this Court."

This is true because the motion to dismiss for want of jurisdiction did not allege sufficient grounds for the relief prayed.

The motion to dismiss for lack of jurisdiction, not alleging sufficiently issues upon which determination of lack of jurisdiction could be based, was properly held to constitute a general appearance.

We do not understand, however, that the order precludes the defendants filing a plea to the jurisdiction embraced, in, or along with, answers to the merits.

The order appealed from is affirmed.

TERRELL, C. J., and BROWN, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices BROWN and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.