LEO WILLIAM BOWMALL v. ROSALIND NATHAN BOWMALL

174 Sou. 14.
Division A.
Opinion Filed April 21, 1937.

748

*Green & West,* for Appellant;

C. H. *Landefeld, Jr.,* and *T. D. Eddis, Jr.,* for Appellee.

BUFORD, J.—The appeal in this case brings for review an order entered by the Circuit Court in and for Broward County, Florida, on January 11, 1936, in the following language:

"This cause came on to be heard upon the testimony and proofs submitted by the plaintiff on the motion of the Defendant contesting the jurisdiction of this Court, both of the person of the Defendant, and of the subject matter of the suit, and not otherwise.

"Without determining whether or not said motion constitutes the general appearance of the defendant the Court

ordered that testimony should be taken upon the sole question as to whether or not the plaintiff had established a legal residence in the State of Florida sufficient to give the Court jurisdiction of the cause, said testimony to be confined solely to this question and not upon the merits of the suit.

"After considering the testimony adduced and hearing the argument of counsel I believe that the plaintiff has established the fact of *prima facie* legal residence in the State of Florida sufficient under the allegations of the bill to give this Court jurisdiction of the subject matter of this suit, and sufficient to require of the defendant herein to answer to the allegations of the bill.

"It is further Ordered, Adjudged and Decreed that the the motion of the defendant contesting the jurisdiction of this Court as to the person of the defendant be and the same is hereby denied. The question raised by the motion as to the subject matter of the suit being reserved for final hearing upon the testimony as to the merits of the cause.

"It is further Ordered, Adjudged and Decreed that the defendant be allowed fifteen (15) days from the date hereof to plead further as he may be advised.

"Done and Ordered at Ft. Lauderdale, Florida, this 11th day of January, A. D. 1936."

The appellee filed her bill for divorce in the Circuit Court of Broward County, Florida, on October 26, 1935, in which she alleged that she was a resident of Hollywood, Broward County, Florida; that she was over the age of twenty-one (21) years; that she had resided in Hollywood, Broward County, Florida, for a period of more than ninety (90) days next prior to the filing of the bill of complaint; that the defendant, Leo William Bowmall, is over the age of twenty-one (21) years and is a resident of New York City,

County of New York and State of New York; that plaintiff and defendant entered into the holy bonds of matrimony in New York City on November 29, 1921, and that they resided in New York City until November, 1933, and that plaintiff has resided in Hollywood, Broward County, Florida, since December, 1933, continuously; that plaintiff completely separated from defendant in January of 1935; and that plaintiff has been a citizen and resident of Hollywood, Broward County, Florida, since December, 1934. There are other allegations of the bill not material to the issues here.

On December 2nd, 1935, defendant appearing specially and solely for the purpose of contesting the jurisdiction of the court, filed a motion. The motion was as follows:

"Comes now the defendant, Leo William Bowmall, appearing herein specially and solely for the purpose of contesting the jurisdiction of this Court: (1) Over the person of this defendant, and/or (2) Over the subject matter of this suit, and not otherwise, and thereupon says:

"1. . That the matrimonial domicile of the plaintiff and defendant is now, and continuously has been since their marriage, in the City of New York, State of New York. That neither plaintiff nor defendant is now, or ever has been, a resident of or in Broward County, State of Florida, but on the contrary has continuously since their marriage resided in, and been residents of, the City of New York, State of New York.

"2. That plaintiff and defendant were lawfully married in the City of New York, State of New York, on November 29, 1921. Within one year after their marriage, defendant entered into business in the City of New York and he and plaintiff established a residence and home there and that he and plaintiff have resided together there continuously

since that date. That each of the children born of plaintiff and defendant was born in said city. That for a period of about six years, upon the advice of a physician in connection with the illness of the eldest child of plaintiff and defendant, Suzanne Bowmall, plaintiff, with the consent of defendant, has spent considerable time in the State of Florida, but has at the termination of each stay there returned to New York City and resumed her residence there with the defendant. That the plaintiff and defendant and their children lived together in New York City, New York, during the summer of 1935 and on or about October 1st, 1935, the plaintiff, with the knowledge and consent of defendant, returned to Broward County, Florida, for the winter months on account of the ill health of their child, Suzanne Bowmall. That the absence of plaintiff from the matrimonial domicile of plaintiff and defendant in New York City was not caused or occasioned by any fault of the defendant and that such absence was occasioned, in part, because of the condition of the health of the infant child of plaintiff and defendant.

"WHEREFORE, defendant respectfully submits that this Court has no jurisdiction over the person of defendant, nor has the Court the lawful right to hear and determine the alleged right and rights of plaintiff to be divorced from this defendant or to grant plaintiff any relief in such cause, whatsoever;

"THEREFORE defendant moves the Court as follows:

"(a) To quash the order for constructive service herein.

"(b) To dismiss said proceedings herein."

The motion was verified by oath of the defendant.

On December 18th, 1935, the complainant, through her attorneys, set the motion down for hearing in the following language:

"To Green & West,

"Solicitors for Defendant, Leo William Bowmall:

"You are notified hereby that on Wednesday, the 18th day of December, A. D. 1935, at 10:00 o'clock A. M. we will call up for hearing before the Honorable George W. Tedder, Judge of the above styled court, the motion of said defendant (a) to quash the order for constructive service herein, (b) to dismiss proceedings herein. Said hearing will be at the Court House in Fort Lauderdale, Florida, in the Chambers of said Judge of said Circuit Court on said date, December 18, 1935, at 10:00 A. M. You will please be governed accordingly.

"Dated this 12th day of December A. D. 1935."

On January 15, 1936, the Court entered an order *nunc pro tunc* as of December 21, 1935, in the following language:

"This cause came on to be heard before the Court this 21st day of December, A. D. 1935, upon the motion herein of defendant filed December 2nd, 1935. The hearing was for the purpose of contesting the legal sufficiency and substance of defendant's motion, and full argument upon the sufficiency thereof was had by counsel of record for plaintiff and counsel of record for defendant. The Court being advised of its judgment in the premises, it is thereupon

"ORDERED That the legal sufficiency and substance of defendant's said motion be and the same is hereby sustained and that the Court will hear evidence thereon at its Chambers in the Court House at Fort Lauderdale, Florida, at ten o'clock A. M., on January 3rd, A. D. 1936.

"DONE AND ORDERED at Fort Lauderdale, Florida, this 15th day of January, A. D. 1936, *nunc pro tunc,* December 21st, A. D. 1935."

On January 15, 1936, the cause came on for hearing, for

proof of facts in support of defendant's motion to dismiss. Testimony was taken before the Chancellor and after the conclusion thereof the order hereinbefore referred to, as the order appealed from was entered. Section 32 of the Chancery Practice Act provides, in part, as follows:

"The defendant shall, unless the time be enlarged by the court, file his answer or other defensive pleadings in the clerk's office on the rule day next succeeding that fixed for the entry of an appearance, whether the service shall have been personal or constructive."

Sub-section 2 of Section 33 provides as follows:

"Pleas are abolished, every defense heretofore presentable by plea in bar or abatement shall be made in the answer, and may be separately heard and disposed of before the trial of the principal case in the discretion of the court."

We do not think that the latter provision precludes a defendant from testing the jurisdiction of the court in any other manner than by including his challenge to the jurisdiction in an answer. If the defendant wishes to challenge the jurisdiction of the court he may file a special appearance for that purpose only and may therewith present his challenge of the jurisdiction in an equity suit by a verified motion, as was done in this case. It is immaterial whether it be called a plea to the jurisdiction or a motion challenging the jurisdiction. It is the substance and not the form which should be looked to. As we construe that part of Section 32 of the Chancery Practice Act hereinabove quoted, it contemplated that the defendant may file his answer or any other defensive pleadings in the clerk's office on the Rule Day next succeeding that fixed for entry of an appearance, but this does not preclude the defendant from filing motion to test the jurisdiction.

The prayer attached to the motion was to quash the order for constructive service herein" and "to dismiss the proceedings herein."

It is well settled that special appearance for the purpose of filing motion to quash is proper practice and that where the special appearance is filed for the purpose of filing motion to quash, the motion to quash must be filed on or before the Rule Day upon which he would in the ordinary course have been required to answer the bill. Otherwise, the special appearance will be held a general appearance and a decree *pro confesso* may be entered against him. Clark v. Knight, 84 Fla. 468, 94 Sou. 665; Rorick v. Stillwell, 101 Fla. 4, 133 Sou. 609.

When a motion to quash service in a chancery case is overruled the defendant may pursue his contention by appeal without waiving his rights under special appearance and without submitting himself to the jurisdiction of the court for any purpose other than to challenge the jurisdiction.

If the complainant was not entitled to maintain the divorce suit within the jurisdiction invoked, then the court was without power to issue its process binding the defendant and acquired no jurisdiction of the subject matter of the suit. Therefore, one of the controlling questions presented to the Court for determination was whether or not the wife had the capacity to acquire a separate domicile of her own at the time she alleges that she did establish a separate domicile in the State of Florida. As to whether or not she had done those things necessary to be done to establish a separate domicile in Florida and whether or not they were done with intent to establish a permanent separate domicile in Florida more than ninety (90) days prior to the filing of the bill for divorce, provided she possessed the capacity or

had the right under the law to establish such separate permanent domicile, was a question of fact to be determined by the Chancellor from the evidence and was a question which he did determine against the contention of the appellant.

There is ample legal evidence in the record to support the findings of the Chancellor in this regard, but when the jurisdiction of the court was challenged the burden was on the complainant to show that she was in position, at the time above referred to, to acquire and establish a separate domicile from that of her husband and this she failed to do.

In the case of Herron v. Passailaigue, 92 Fla. 818, 110 Sou. 539, and 542, the general rule that the domicile of the wife is that of the husband and is ordinarily not affected by the fact that the wife is living apart from her husband in the absence of a judicial decree of separation or divorce, and that a wife who has left her husband and is living apart from him without just cause can acquire no separate domicile of her own prior to divorce, at least not in the absence of exceptional circumstances, is recognized and in the opinion in that case Mr. Justice Terrell, speaking for the Court, said: "But the great weight of authority supports the rule that when it becomes proper or necessary a wife may acquire a separate domicile from that of her husband for the purpose of a suit for divorce by her." See also Minick v. Minick, 111 Fla. 469, 149 Sou. 483.

The record in this case does not disclose any proof of any fault on the part of the husband for the wife having deserted him and attempted to establish a separate domicile. It is true that the complainant testified that she separated from the defendant in Broward County, Florida, on December 25, 1934, but the domiciles of both husband and wife at that time were conclusively shown to be in New

York City, and if the husband had, by his conduct, given the wife cause to acquire and establish a separate domicile, it is immaterial whether that cause occurred in the State of the domicile of the husband and wife or elsewhere.

The jurisdiction of the court having been properly challenged, it is necessary for complainant to establish her right to maintain her suit before the court may proceed by requiring the defendant to plead further and to adjudicate the rights of the parties.

The order appealed from must, therefore, be reversed and the cause remanded with directions that the Chancellor take and consider such testimony as may be necessary to determine whether or not the conduct of the husband toward the wife made it proper or necessary for the wife to acquire and establish a separate domicile from that of the husband for the purpose of a suit for divorce by her, and thereupon to enter such order as the facts, taken together with the evidence heretofore adduced and embraced in this regard, may warrant.

So ordered.

Ellis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Brown, J., concur in the opinion and judgment.

Davis, J. dissents.

Brown, J. (concurring).—By Chapter 16975, Acts of 1935, the Legislature amended Section 4981 C. G. L., being Section 3189 R. G. S., to read as follows:

"Residence Required.—In order to obtain a divorce the complainant must have resided ninety (90) days in the State of Florida before the filing of the bill of complaint."

The question arises, is this matter of the ninety days residence of the complainant a judicial prerequisite, or is it

merely one of the matters which must be alleged in the bill and proven before a decree of divorce can be rendered?

It would seem from our previous decisions that it is a judicial prerequisite. If so, then the position taken by Mr. Justice BUFORD, in his opinion in this case, to the effect that the defendant may appear specially for the purpose of questioning the jurisdiction of the court in this regard, must be well taken.

In the case of Minick v. Minick, 111 Fla. 469, 149 So. 483, we dealt with the distinction between the words "dom-icile" and "residence" and called attention to the fact that the word "residence" as used in section 4895 C. G. L., a constructive service statute, is different from the sense in which it is used in Section 4981 C. G. L.

The meaning of the word "resided" as used in Section 3189 R. G. S., as was held by this Court in Herron v. Pas-sailaigue, 92 Fla. 818, 110 So. 539, is "legal residence," that is to say, "a place of domicile or permanent abode as distinguished from temporary residence." See also Wade v. Wade, 113 So. 374, 93 Fla. 1,004. In the case last cited the fifth headnote reads as follows:

"There is a recognized distinction between a residence for commercial purposes and such a residence as is necessary to support the jurisdiction of a court to adjudicate upon the duties and obligations growing out of the marital status."

In the case of Krumrine v. Krumrine, 90 Fla. 368, 106 So. 131, Mr. Chief Justice ELLIS, writing the opinion for the court, used this language:

"Section 3189, Revised General Statutes, provides that in order to obtain a divorce the *complainant* must have resided two years in the State of Florida before tiling the bill. The Act as passed in 1852, Chapter 522, provided that no di-

vorce from the bonds of matrimony should be granted to any applicant unless it should appear that such 'applicant has resided in the State of Florida for the space of two years prior to the term of such application.' Prior to 1852 the period of residence was three months. See Thompson's Digest, p. 222. The language of the Act was that no person shall be entitled to apply for a divorce who has not been a resident of this State for a period of three months."

As the present statute, Section 16975, uses, in this connection, the same language as is used in Section 4981 C. G. L., 3189 R. G .S., the above decisions are applicable. It follows therefore that the ninety-day residence on the part of the complainant referred to in the later statute is a judicial prerequisite, and that the position taken by Mr. Justice BUFORD in his opinion must be correct.

DAVIS, J. (dissenting).—The statute provides (Chapter 16975, Acts 1935) that in order "to obtain a divorce" the complainant must have resided ninety days in the State of Florida before filing the bill of complaint. Compare: Section 4981 C. G. L., 3189 R. G. S.

Under the language of the statute, the limitation as to residence is upon the right to "obtain a divorce" after proper bill has been filed and the case carried to final hearing. It is not upon the jurisdiction of the court to proceed with the cause in order to hear and determine the issues in the case. Expressed another way, *proof* of the ninety days residence requirement is jurisdictional only as to the *relief* of divorce when sought to be decreed at final hearing, and is not jurisdictional in the sense that it is a condition precedent to proceeding with the suit in the first instance.

The court obtains jurisdiction *of the suit* itself not by preliminary *proof* of the residence requirement, but by the mere *allegation* in the pleadings of the residence require-

ment. In other words, when the jurisdictional fact of residence is *alleged in the bill*, the court then has full and complete jurisdiction to proceed with the cause, to settle the pleadings and to cause a trial to be had of the issues made, including the issue of residence requirement as alleged. The statute does not say that the residence requirement must be *proved* as a condition precedent to *proceeding* with a suit for divorce but as a condition to obtaining a divorce. *Proof* of residence is therefore not a condition precedent to proceeding with a divorce suit to final hearing, but only a limitation upon the right to enter a decree of divorce.

It seems to me that the Circuit Court adopted the proper procedure required by law to be observed in dealing with the situation presented, therefore I think the order appealed from is not erroneous.