ELLA CATHERIN CROCKETT and B. J. PADGETT, as Administrator, v. THE VOLUNTEER STATE LIFE INSURANCE COMPANY, EDWARD WRAY CROCKETT, JR., WILLIAM JOHN CROCKETT, minors, and VEATRICE CROCKETT, as guardian of EDWARD WRAY CROCKETT, JR., and WILLIAM JOHN CROCKETT, minors.

196 So. 297
En Banc
Opinion Filed May 17, 1940

*H. T. Black* and *Fielding & Duncan,* for Appellants; *Rogers & Towers* and *C. C. Bailey,* for Appellees.

THOMAS, J.—This appeal was taken before the adoption of our rule numbered thirty-four, and brings for review various interlocutory orders and a decree on bill of interpleader entered by the chancellor of Duval County in a suit

in interpleader instituted by The Volunteer State Life Insurance Company against Ella Catherin Crockett, a widow, her two minor children, their guardian and the administrator of the estate of the deceased husband and father.

In order that the litigation may be more easily understood we will give a brief summary of the allegations of the bill of complaint. Edgar Wray Crockett was issued an insurance policy payable to his then wife. Later he was divorced and remarried and the beneficiaries were changed so that one-half of the proceeds when paid should go to his second wife and one-fourth to each of his two children. Thereafter Ella Catherin Crockett killed her husband and an administrator of his estate was appointed. The proceeds of the insurance contract are claimed by the administrator, the guardian and Ella Catherin Crockett. The insurance company admitted its liability for the face amount of the policy and delivered to the clerk of the court its check for that sum. The court was asked to assume jurisdiction, require the defendant claimants to interplead and settle their rights to the money due and to discharge the plaintiff. In an amendment it was represented that after the filing of the original bill the widow brought suit on the policy in Alachua County and it was upon the prayer in the amendment that an injunction was issued staying an action in another county by the widow to recover on the insurance contract.

Two of the defendants, the widow and the administrator filed pleas of privilege alleging that all of the defendants lived in Baker County and that the "supposed" cause of action accrued there.

The pleas of privilege were stricken and we think properly upon the grounds stated in the motion that such pleas were abolished in the 1931 Chancery Act and that the matters contained in the plea should have been incorporated

in the answer. In making this statement we are conscious of our opinion in Southern Brewing Co. v. May, 122 Fla. 443, 165 South. Rep. 627, where on the persuasive authority of L. B. McLeod Construction Co. v. State, 106 Fla. 805, 143 South. Rep. 594, an action at law, this court held that Section 33 of the 1931 Chancery Act did not abolish pleas of privilege because to do so would defeat one of the purposes of such a pleading, namely, to determine the place of action before the pleader was required to answer on the merits. It is true that that was the original purpose of the procedure, however, the Act was intended as a progressive step toward the simplification and dispatch of litigation. To accomplish that end pleas in abatement and bar were abolished and defenses presentable by them were required to be included in the answer though they could be heard and determined before trial. That the additional work of preparing the whole answer would be futile if the particular assertion of privilege contained in it were sustained, is true but such a sacrifice of time and effort on the part of the pleader in some cases would be a valuable contribution to speeding the work of the courts generally. So, on further deliberation, we conclude that the Act should be construed to require that such defenses should be presented in the answers notwithstanding the former ruling to which we refer.

The defendants eventually answered and testimony was introduced before a special master to whose findings exceptions were filed and overruled, whereupon the court entered a decree requiring the defendants to interplead, "settle the matters in controversy * * * between themselves" and to that end file appropriate pleadings within thirty days. The order discharged the insurance company, plaintiff, fixed fees and costs and made the temporary restraining order permanent.

The appellants, widow and administrator, have presented to us five questions for decision. We have determined the one involving the procedure with reference to pleas of privilege.

The next one with which we will deal can be disposed of quite briefly, although in presenting it in the argument and brief much time and space were devoted to the merits of the claims of the appellants. There is no need for us to delve into this question because the last order of the chancellor required the filing of pleadings to enable the court to adjudicate the conflicting claims. This has not yet been done and an expression from this court now on the merits of the respective rights of the parties would be premature. Suffice it to say that the situation reflected in the record so far seems typical of those where a suit in interpleader is justified. No elaboration will be made in view of the clear and succinct expression which is found in New York Life Ins. Co., v. Bancroft, 122 Fla. 10, 164 South. Rep. 515.

The action of the court in granting the temporary injunction is challenged on the theory that the circuit court in Duval County was without jurisdiction. At the time appellant Ella Catherin Crockett filed her common law action on the policy in Alachua County, the bill of interpleader had been filed, she had been served with process, had filed a plea of privilege and motion to dismiss and the court had ruled on both of these pleadings. It is noteworthy that the injunctive order was not addressed to the court in Alachua County but was directed to the plaintiff in that action, who was then properly before the Circuit Court of Duval County, her agents, servants and attorneys, and calculated to halt the common law action to enforce one right while the court which had already assumed jurisdiction was preparing to adjudicate that very right and others conflicting with it, all of them or such of them as were worthy, to be paid

from a common fund then on deposit in the chancery court. The chancellor's action was eminently correct. Curtis v. Albritton, 101 Fla. 853, 132 South. Rep. 677.

We have carefully examined the provisions of the restraining order specifying the conditions of the bond and have not found them subject to the objection which is urged. Nor does the record disclose any error on the part of the chancellor in fixing the amount of the supersedeas bond. No real purpose would be served in extending these observations.

Our view is that the appellee should prevail, so the orders appealed from are—

Affirmed.

TERRELL, C. J., WHITFIELD, P. J., BROWN, BUFORD and CHAPMAN, J. J., concur.