PAUL GERARD CURLEY v. MARIE PHILLIPS CURLEY.

198 So. 584

En Banc

Opinion Filed November 12, 1940

*Emmett C. Choate* and *H. O. Pemberton,* for Petitioner; *Robert C. Lane, Rudolph S. McDavid,* and *Whitfield & Whitfield,* for Respondent.

CHAPMAN, J.—On April 22, 1940, respondent filed in the Circuit Court of Dade County, Florida, her sworn bill of complaint against her husband, the petitioner here, seeking a divorce *a vinculo matrimonii* on grounds viz.: (a) habitual intemperance; (b) extreme cruelty; and (c) the indulgence in a violent and ungovernable temper. The bill of complaint alleged that Marie Phillips Curley is now (on April 22, 1940) and has been for more than ninety days last past and immediately preceding the filing of the bill of complaint an actual continuous bona fide resident of Miami, Dade County, Florida, and at the time her husband,

Paul Gerard Curley, the defendant, was residing in the City of Coral Gables, Florida.

On May 22, 1940, the defendant in the court below, the petitioner here, filed in the lower court his sworn motion to dismiss the suit on the ground that the plaintiff was not an actual bona fide resident of Florida for a period of ninety days prior to the institution of the suit and the court had no jurisdiction of the cause or the parties. The motion to dismiss is viz.:

"1. That the court has no jurisdiction over the parties in this cause, because plaintiff was not an actual bona fide resident of the State of Florida for more than ninety days last past immediately preceding the filing of her bill of complaint in this action.

"2. Because the plaintiff Marie Phillips Curley and the defendant Paul Gerard Curley have a permanent residence at 52 Pershing Road, Boston, Massachusetts, where they maintain a six-room furnished apartment, and where this defendant resides, and has resided for a period of approximately three years. That this defendant has never been a resident of Dade County, Florida, and that the plaintiff in this cause was not a resident of Dade County, Florida, prior to March 24, 1940, and that both plaintiff and defendant on said date, and for some days prior thereto, were visitors only sojourning in Dade County, Florida, and that neither had or claimed any home in Dade County, Florida, or elsewhere in the State of Florida, and that they had and maintained their home in Boston, Massachusetts, as aforesaid. That this defendant has never resided in the State of Florida, and that this defendant came to Miami, Florida, on or about March 15, 1940, for the purpose of recuperating from an illness, and for the purpose of being with his said wife, Marie Phillips Curley, who was likewise then visiting in the State of Florida, and that the defendant upon his

arrival in the State of Florida lived and resided with the plaintiff as husband and wife, visiting with the plaintiff's mother in Miami, Florida, from the date of his arrival to on or about March 24, 1940, and that at all times prior to said date they and each of them kept and maintained their usual place of abode and residence at Boston, Massachusetts, as aforesaid, and that the defendant still maintains his usual place of residence and abode in Boston, Massachusetts.

"3. That this defendant files herewith his affidavit of the facts concerning the residence of the plaintiff and defendant, and prays that the same be taken and read as part of this motion, and that the court set down for hearing the question of the residence of the plaintiff, and that upon the taking of testimony this defendant prays that the bill of complaint filed in this action be dismissed."

The lower court entered an order referring the case to a Master with directions to take testimony of the parties upon the question of whether or not the plaintiff had been and was a bona fide legal resident of Florida for a period of ninety days prior to filing suit and to report his findings as to law and fact. Testimony of the parties was taken and the Master reported, pursuant to the order of reference, that the plaintiff was a bona fide legal resident of Florida for a period of ninety days prior to April 22, 1940, the date of filing the suit for divorce. The chancellor approved, ratified and confirmed the report and findings of the Master and ordered that the motion of the defendant to dismiss the bill of complaint be overruled and denied and that the defendant be required to file an answer thereto on or before five days from and after July 19, 1940. On petition for a writ of certiorari on the part of the defendant below, it is contended that the aforesaid order dated July 19, 1940, was erroneous.

The question for decision presented by this record is whether or not the plaintiff was a bona fide legal resident of Florida for a period of ninety days prior to April 22, 1940, within the meaning of Chapter 16975, Acts of 1935, Laws of Florida, so as to confer jurisdiction on the lower court of the parties and the subject matter thereof. The lower court held that it had jurisdiction, but counsel for the defendant contends that because of the facts of the case and the law applicable thereto that the lower court clearly was without jurisdiction of the parties or the subject matter involved.

Section 16975, *supra,* provides that in order to obtain a divorce the complainant must have resided ninety days in the State of Florida prior to filing the bill of complaint. In the case of Bowmall v. Bowmall, 127 Fla. 747, 174 So. 14, it was held that the ninety days residence of complainant in a divorce action was a judicial prerequisite and said residence period must be alleged in the bill of complaint, and if said allegation or the period of residence is challenged, like it has been in the case at bar by the defendant in a sworn motion to dismiss, the burden of proof rests on the plaintiff wife to establsih her right to maintain the divorce suit before the court could proceed to adjudicate the rights of the parties. Therefore it is our conclusion that the burden of proof in this case was on the plaintiff wife to show that she had resided in Florida for a period of ninety days prior to the date of filing the suit for divorce and at the time of taking up her residence in Florida she had the capacity to acquire a separate domicile of her own in the State of Florida.

In the case of Herron v. Passailaigue, 92 Fla. 818, 110 So. 539, this Court held that the term "residence," when used in a statute controlling suits or actions for divorce, meant a permanent place of abode as distinguished from a

temporary residence. Likewise it was held that the domicile of the wife was that of her husband and that she could have no other, but when it became proper or necessary, a wife may acquire a separate domicile from that of her husband for the purpose of a divorce suit. See Minick v. Minick, 111 Fla. 469, 149 So. 483. In the case of Taylor v. Taylor, 64 Fla. 521, 60 So. 116, this Court held that a decree of divorce obtained by a wife who separated from her husband for adequate cause and in good faith removed to another State with the intention of permanently residing there and becomes a bona fide resident the same is valid as against the husband who remains in the State of his residence and was served by publication and did not appear in the Florida courts and defend the said suit.

In applying the rule enunciated by this Court in Herron v. Passailaigue, Minick v. Minick and Bowmall v. Bowmall, *supra,* to the effect that the wife plaintiff has the burden of showing that she has resided in the State of Florida for a period of ninety days prior to the date of filing the bill of complaint and at the time of taking up her residence in Florida she had the *capacity* to acquire a separate domicile in Florida, independently, of the place of residence of her said husband from the evidence adduced, we find that the wife plaintiff has sojourned in Florida for a period of ninety days prior to the date of filing the bill of complaint. The capacity of the wife to acquire a separate place of residence from that of her husband presents a nebulous question. Generally the place of residence of the wife is that of her husband. She has the right under the law to establish a separate place of residence for the purpose of filing a suit for divorce, but the law contemplates that prior to establishing a separate place of residence she must have sufficient lawful reasons for so doing and one of these reasons is a ground or grounds for divorce.

The testimony to support the capacity of the wife plain-, tiff in establishing a place of residence separate from her husband is that the husband in Boston, where the parties had made their home since the date of marriage, one night in January, 1940, prior to her departure for Florida for the purpose of visiting her mother, Mrs. Phillips, in a rude and angry manner struck her in the face with a newspaper; that the defendant locked the door to their apartment and refused to permit her to go into their home and she was forced to spend the night in the basement of their home. She testified that she felt that her husband knew she was going to Florida for the purpose of getting a divorce.

The wife plaintiff reached Florida on January 17, 1940, and on January 16, 1940, while enroute to Florida, wrote her husband and in part said: "Let me hear from you very soon * * * I do love you and will miss you an awful lot." On January 29, 1940, she wrote her husband and in part said: "Am still waiting for that letter * * * I wish you could come down for a couple of days * * * Please answer soon." On February 19, 1940, she in part wrote: "Thanks for the money order and wire * * * Here's all the love I can possibly put in a letter & hoping to see you in a few days." On February 3, 1940, she talked to him over the telephone when he was at Boston and while she was in Miami to the tune of $17.00 telephone charges. Likewise on February 28, March 6 and on March 8 and 9 she talked to him over the telephone. She never spoke in the telephone conversation about a separation or divorce but wanted the defendant husband to come on down and visit. The husband, in March, 1940, entrained for Miami for the purpose of rejoining his wife and was met at the passenger station in Miami by her and she greeted him affectionately. She took him to the home of her mother, where the parties to this suit lived and cohabited together as husband and wife for

approximately two weeks. She did not during this period discuss a separation or divorce, but spoke of her intention to return to Boston with her husband after the completion of her visit with her mother. Many of these facts were admitted by the plaintiff below. We are unable to find any testimony in this record to support the findings of the court below that plaintiff had the capacity to acquire a place of residence different from that of her said husband. We think the place of residence of the plaintiff was the place of residence of her said husband, namely, Boston, Massachusetts. The plaintiff failed to carry the burden of proof as required by this Court in Bowmall v. Bowmall and Minick and Minick v. Minick, *supra*.

The petition for a writ of certiorari is hereby granted and the order appealed from is hereby quashed or reversed with directions to the lower court to dismiss the said bill of complaint.

It is so ordered.

WHITFIELD, BROWN and BUFORD, J. J., concur.

THOMAS, J., dissents.

Chief Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.