SALLIE CURLES CULPEPPER v. M. P. CULPEPPER

3 So. (2nd) 330
Division A
Opinion Filed July 1, 1941

*Cecil C. Bailey, Rogers, Towers & Bailey* and *J. E. Peacock,* for Appellant;

*P. Guy Crews* and *Humphrey Motley,* for Appellee.

BUFORD, J.—This is another phase of the suit which appeared here as M. P. Culpepper, petitioner, v. Sallie Curles Culpepper, respondent, in which we, on April 28, 1941, denied certiorari to review an order of the circuit court denying motion to dismiss a bill of complaint in the nature of a bill of review.

By the bill of review presented in that case it was sought to review the decree from which the appeal in the present case is taken.

The record shows that after the bill of complaint was filed in this case in Duval County, Florida, the defendant filed a special appearance with a plea of privilege in which she averred that her domicile was in Volusia County; that she had never been a resident of Duval County; that the cause of action, if any, arose in Volusia County and that there was no property right involved in the suit; and she, therefore, averred that the venue of the cause of action was in Volusia County and not in Duval County.

Counsel for the plaintiff filed notice and served copy thereof, that he would bring on for hearing and argument the special appearance and plea of privilege before one of the judges in chancery in the Duval County Court House on Friday, the 21st day of June, 1940, at ten o'clock in the forenoon, or as soon thereafter as counsel could be heard.

The record shows that counsel for the plaintiff also filed motion to strike the special appearance and plea of privilege and to enter a decree *pro confesso* and to appoint a special master in the cause. However, there is no proof in the record that copy of this motion was served on the defendant or her attorney.

On the 22nd day of June, the chancellor entered an order as follows:

"The plea filed herein is stricken. Pleas have been abolished by statute. The bill shall be taken as confessed by the defendant. A decree *pro confesso* against defendant is hereby entered. This suit is referred to Carlton C. Arnow, Esquire, as special master. He shall take the testimony herein and report the evidence in the case to the court with his findings of fact

and conclusions of law with all due speed. This case shall proceed *ex parte*.

"DONE AND ORDERED in Chambers, at Jacksonville, Duval County, Florida, this the 22nd day of June, 1940."

At the time the special appearance and plea of privilege was filed the latest expression of this Court as to the applicability of the special appearance and plea of privilege was reflected in the opinion and judgment in the case of Southern Brewing Company v. May, 122 Fla. 443, 165 Sou. 627, in which we held that such was the proper procedure to present the question necessarily raised by the allegations of such a plea. While defendant's special appearance and plea of privilege was pending we decided the case of Evans v. Evans, 141 Fla. 860, 194 Sou. 215, and the case of Crockett v. Volunteer State Life Ins. Co., 142 Fla. 750, 196 Sou. 297, in which we overruled what was said in the Southern Brewing Co. case in this regard.

Under the factual conditions as disclosed by the record, we must hold that the defendant had the right to rely upon the decision of this Court in the Southern Brewing Company case and that the court below committed error in entering a decree *pro confesso* against the defendant without giving the defendant an opportunity to raise the question presented by answer.

Having reached the conclusion above stated, it is not necessary for us to discuss other questions presented on the merits of this appeal.

For the reasons stated, the decree is reversed and the cause remanded with directions that the decree be vacated and the defendant be allowed reasonable time to plead further.

It is so ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.