### SELMA SELAME SULTAN v. ALEXANDER SULTAN

7 So. (2nd) 108     .     Division B
March 27, 1942      Rehearing Denied April 17, 1942

R. B. Gautier, for appellant.

Elmore Cohen, for appellee.

CHAPMAN, J.:

On April 22, 1941, the Honorabale C. E. Chilling-worth, Circuit Judge of Palm Beach County, Florida, entered a decree granting plaintiff below, Alexander Sultan; (a) divorce; (b) awarded the custody of Lillian Sultan and Frances Sultan, minor girl children, to their mother, Selma Selane Sultan; (c) ordered the plaintiff below, Alexander Sultan, to pay the sum of $12.00 per week for the support and maintenance of the children; (d) costs of the proceedings, inclusive of an attorney's fee, were awarded against the plaintiff. From this final decree an appeal has been perfected to this Court.

It is first contended by the wife, appellant, that the evidence adduced on the part of the husband failed to support the charges of extreme cruelty and desertion. We have read the testimony appearing in the record and the briefs of counsel and we are forced to the conclusion that the evidence is rather weak. The rule controlling this court on appeal is whether or not the trial court was in error in entering the challenged decree.

It is next asserted that the plaintiff failed to establish by competent evidence his residence in Florida so as to maintain the suit. Mrs. Baker testified that the plaintiff had lived as a boarder in her home at West Palm Beach for a period of about two years prior to the filing of the suit at bar. It is true that a portion of this time he was working in the City of New Orleans. We think there is sufficient testimony in the record to sustain his residence in Florida and the right to maintain this suit. If the appellant desired to con-

test this issue, the procedure outlined in Bowmall v. Bowmall, 127 Fla. 747, 174 So. 14, should have been followed.

The appellant married the appellee in 1935 when she was 28 years of age and had accumulated an attractive bank account. The inference is deductible from the testimony that the husband was primarily interested in the bank account and secondarily in the owner thereof. The appellee, prior to the marriage, was a divorcee and his affection for the appellant at the most was warmed over, rehashed, mercenary and no possible opportunity existed for his hide to blister in the matrimonial adventure. It is reasonable to assume from the testimony that the appellant was too anxious or eager to attend a wedding. She surrendered a good position, was in excellent physical condition, owned a nice bank account, which she exchanged at the matrimonial alter for a third class man, almost lost her health when bringing into the world two children; had a miscarriage; the husband got her bank account and spent it and then deserted her and his children and brought suit for divorce, asserting that she was guilty of extreme cruelty. The parties are shown to be Syrians. There is evidence to sustain the statement made by the husband to the effect that he would go back to his wife if her brother would put him in business or pay him $2,000.00, but he would not return for the sum of $1,999.99.

The appellant testified that she loved her husband and would live with him in the future for her "children's sake." The law controls the controversial issue here presented. The wisdom of the decree entered by the lower court is apparent and fully sustained by the testimony and the applicable law.

The appellee is ordered to pay the costs of this entire suit and the further sum of $100.00 as an attorney's fee is hereby allowed the appellant's solicitor on this appeal. The final decree is modified so as to require the payment of the aforesaid items by the appellee and is hereby affirmed as modified.

It is so ordered.

BROWN, C. J., TERRELL, and THOMAS, JJ., concur.