**MORIEL SIMEON ALDRICH v. MARGUERITE LORETTA ALDRICH**

16 So. (2nd) 47                                    June Term, 1943
December 21, 1943                                        En Banc

*Fred H. Kirtley,* for petitioner.
*William A. Lane,* for respondent.

SEBRING, J.:

Marguerite Loretta Aldrich instituted suit for divorce in the Circuit Court of Dade County, against her husband, Moriel Simeon Aldrich. The bill of complaint alleged that the plaintiff had been a bona fide resident of Dade County for more than ninety days next prior to the institution of suit. Summons was issued and personally served upon the defendant in Dade County. In due course the defendant filed a special appearance and motion to dismiss the suit, on the

ground that plaintiff was not a bona fide resident of the State of Florida. Extensive testimony was taken before the chancellor. At the conclusion of the hearing, the chancellor entered an order requiring the defendant to answer, and finding that the planitiff had been a resident of Florida for more than ninety days preceding the filing of the bill.

The use of special appearance and motion to quash to test the residence status of a plaintiff in a suit for divorce has been approved by this Court. See Bowmall v. Bowmall, 127 Fla. 747, 174 So. 14; Curley v. Curley, 144 Fla. 728, 198 So. 584. Personally, the writer of this opinion is unable to agree that this is proper procedure. The divorce statute of this State requires not that residence be proved preliminary as a condition to proceeding with a suit for divorce but only that proper proof of residence be made as a condition to obtaining the final decree. Sec. 65.02 Florida Statutes, 1941. Proof of residence, therefore, though indispensable to a decree of divorce, is not essential to the acquisition of the subject matter of divorce by the court. When the Florida Chancery Act went into effect pleas in chancery were abolished and all defenses formerly available by plea in bar or abatement were thereafter required to be made by answer. See Sec. 63.33 Florida Statutes, 1941; Crockett, et al., v. Volunteer State Life Insurance Co., 142 Fla. 750, 196 So. 297. As proof of residence is not required as a condition precedent to proceeding with a suit for divorce, lack of residence should be challenged by answer, when the bill of complaint contains the necessary allegations of residence. Upon answer the issue may be heard separately and if the plaintiff prevails, the cause may proceed upon the merits without further pleading. Such course, we think, is in entire harmony with the design of the Florida Chancery Act to simplify procedure and expedite the trial of causes.

The propriety of proceeding by special appearance and motion to quash has not been questioned in this certiorari proceeding. The parties and the trial court have assiduously followed the procedure approved in Bowmall v. Bowmall, supra, and we shall treat the question presented by the petition for certiorari as being properly here. Let it be clear to

the members of the bench and bar, therefore, that the views expressed in the preceding paragraph are simply those of the writer of this opinion, and of the members who agree with him, and, as such, are not binding upon the court. The method of proceding by special appearance and motion to quash, which was approved in the Bowmall case, will continue until such time as, the question being squarely presented, a majority of the court see fit, if ever, to adopt the views herein expressed.

The question before the chancellor at the hearing below was whether there had been an abandonment of the residence of the parties in Dade County, and the establishment of a marital domicile elsewhere by the husband, to which the wife was obliged to go and take up her residence. Under the procedure adopted by the parties to test the question (which we do not here disturb) the burden was on the plaintiff to establish the right to maintain suit, before the court could proceed to adjudicate the rights of the parties on the merits. Bowmall v. Bowmall, supra; Curley v. Curley, supra.

The evidence is conflicting on the issue made by the pleadings. The testimony shows that the parties were legally resident in Florida at one time, and that the marital domicile had continued there for a period of more than ninety days prior to institution of suit. Thereafter, the defendant had gone to West Virginia—whether on a temporary sojourn, or to make that the permanent marital domicile, is not clear. There is much testimony that because of the conduct of the husband, it was necessary and proper for the wife to acquire a residence separate and apart from the husband, and that she had acquired such residence in Dade County, Florida. Certainly, there can be no doubt that she intends to continue living there.

On the whole, we are unable to say that the plaintiff has not fully sustained the burden of proof. The chancellor had the witnesses before him, and he chose to believe the plaintiff's statement of the case. We find no reason to disturb his findings.

Certiorari denied.

It is so ordered.

BROWN, CHAPMAN and THOMAS, JJ., concur.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur specially.

BUFORD, C. J., concurring specially:

I can not concur in the opinion because I am not in favor of overruling what was said and held in the Bowmall case. Therefore, I concur in conclusion only.

TERRELL, J., concurring specially:

I think certiorari should be denied without opinion.

ADAMS, J., concurs.