**DAVID WESTFIELD ROLLINS v. SARA EMMA ROLLINS**

19 So. (2nd) 562

November 3, 1944

June Term, 1944

Division B

*Chas. E. Flynn,* for appellant.
*Laura H. Hyde,* for appellee.

THOMAS, J.:

A final decree of divorce was granted appellee, and thereupon the appellant appealed, challenging in this Court, specifically, the chancellor's orders denying motions to quash the service and to extend the time for taking testimony.

The first of these motions, unverified, simply questioned the jurisdiction because, so it was represented, the plaintiff had not been a resident of the State of Florida a sufficient length of time to entitle her to bring the suit. There seems no need to pause here for a review of the opinion of this Court in Bowmall, v. Bowmall, 127 Fla. 747, 174 So. 14, holding that jurisdiction might be tested by special appearance and sworn motion to quash, notwithstanding the provisions of Sub-section (2) of Section 33, Chapter 14658, Laws of Florida, Acts of 1931 (now Sub-section 2 of Section 63.33, Florida Statutes, 1941, and F.S.A.), that defenses presentable by plea in bar or abatement must be incorporated in the answer and may be separately determined.

We refrain from further discussion of the procedure approved there because a majority of the court in Aldrich v.

Aldrich, 153 Fla. 856, 16 So. (2nd) 47, recognized the distinction between jurisdiction of the person and of the subject matter in suits of this character, and decided the allegation of residence of the plaintiff should be traversed in the answer if the defendant wished to contest the point. We said there that proof of residence for the required period was indispensable to a final decree but not essential to "proceeding with a suit."

Elaborating on this feature, length and character of residence do not affect jurisdiction over the person, which may be challenged by special appearance and motion to quash, but only jurisdiction over the subject matter. Patently the chancery court has power to entertain suits for divorce, as such, and may proceed until it develops that the plaintiff has not resided in the state for the period required by the statute. When that moment arrives the cause should be dismissed; the condition "indispensable to a decree of divorce" not having been fulfilled. In short, irrespective of the question of jurisdiction over the person, the court may entertain the suit until it appears that the prerequisite of residence is absent; then evident lack of jurisdiction of the subject matter will halt any further progress of the cause.

We now again subscribe to the announcement made in Aldrich v. Aldrich, supra, relative to the means properly to be employed by the defendant when it is proposed to test the sufficiency of the residence of a plaintiff to warrant maintenance of suit for divorce. No harm comes to the appellant by reason of the ruling, for he did in this case deny in his answer plaintiffs' allegation of residence, and as a consequence testimony pertaining to that issue was adduced. This evidence abundantly sustained the contention that appellee moved to Florida with the intention of residing here permanently and that her residence in this State was continuous for more than ninety days before her suit was instituted.

·The appellant in his second question insists that the court erred in refusing to extend the time for the introduction testimony after expiration of the period to which it was in the beginning restricted. Fxing, limiting, and extending time for taking testimony is purely discretionary, and,

nothing having been drawn to our attention even to indicate any abuse on the part of the chancellor, his ruling on the subject will not be disturbed.

We feel no obligation to answer appellant's third and last "question" because of the general language in which it is couched. It appears as a statement: "The court erred in entering the final decree in said cause." Our rule, Number 20, requires questions in briefs to be stated concisely and clearly, and we may say concretely, for the obvious purpose of enabling us to consider them in the light of the record and determine them definitely with the aid of the authorities assembled by counsel for the litigants. Were we to undertake to decide the abstract proposition whether the final decree be valid, we would embark in behalf of the appellant upon a search of every conceivable phase of the litigation in an endeavor to find some error of sufficient importance to merit discussion and to shake the foundation of the court's decree. The question we have quoted, if it may be called a question, is not in the form contemplated by the rule and not one which justifies consideration or decision. Hunter v. Tyner, et al., 151 Fla. 707, 10 So. (2nd) 492.

The decree is affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.