75 So.2d 282 (1954)
Doris FRANK, Appellant,
v.
Belmont FRANK, Appellee.
Supreme Court of Florida. Special Division B.
October 5, 1954.
Rehearing Denied November 17, 1954.
*283 J. Lewis Hall, Tallahassee, and Abbott, Burris & Langer, Miami Beach, for appellant.
Wm. J. Pruitt, Miami, for appellee.
HOBSON, Justice.
This suit originated in the Circuit Court of the 11th Judicial Circuit, in and for Dade County, Florida, with the filing of a complaint by Doris Frank against her husband, Belmont Frank. The wife sought a divorce, custody of the minor daughter born of the marriage and support money for the child as well as alimony, both temporary and permanent.
Belmont Frank filed an answer in which he denied most of the material allegations of the complaint but admitted the allegations of residence in Florida for the period of time prescribed by statute, of the marriage, and of the birth of the child.
The record does not disclose that the appointment of the special master, who was appointed in this cause to take the testimony and report the same together with his findings of fact, conclusions of law and recommendations, was requested by specific stipulation of the parties, or that they formally agreed upon Hon. J.P. Marchant as such appointee. It is clear, however, that the appointment was not objected to by either litigant.
The special master found that the court had jurisdiction of the parties as well as the subject matter, and that the plaintiff had established by competent substantial evidence her charge against her husband of extreme cruelty. He recommended that a decree of divorce in favor of Doris Frank be granted, and that Belmont Frank be ordered to pay to his wife a lump sum of $5,000 as well as $100 per week support money for permanent alimony and for support of the minor child whose custody he recommended be granted Mrs. Frank with the right of reasonable visitation on the part of Mr. Frank.
The report of the special master was approved and adopted by Circuit Judge Wayne Allen, who, as chancellor, entered a final decree consonant therewith in the following language:
"This cause coming on before me upon exceptions by both plaintiff and defendant to the Master's report, and the Court having considered the record and heard argument of counsel, it is
"Ordered, Adjudged and Decreed as follows:
"1
"That the report and recommendations of the Master be, and the same are hereby sustained.
"2
"That the equities of this cause are with the plaintiff and that she is hereby granted a decree of divorce, a vinculo matrimonii, from the defendant, and that the bonds of matrimony heretofore existing between them be forever dissolved.

*284 "3
"That the care, custody and control of the minor child of the parties is awarded unto the plaintiff, with the right of reasonable visitation granted to the defendant.
"4
"That the defendant is required to continue to pay to the plaintiff the sum of $100.00 per week for the support of the plaintiff and the said child.
"5
"That the defendant be required to pay to the plaintiff the sum of $5,000.00, in order that she be placed in such financial position that she can continue to live upon the monthly payments heretofore ordered.
"6
"That the plaintiff be required to convey to the defendant her interest in the lot in Burlington, Vermont, owned jointly by the parties.
"7
"That the attorneys for the plaintiff, Abbott, Burris and Langer, be allowed an additional fee of $3,500.00, payable by the defendant, and that the defendant pay to the plaintiff's attorneys the sum of $492.46 as costs expended by said attorneys in connection with the prosecution of this case.
"8
"That any further costs in these proceedings, including the fee of the Special Master in Chancery, be taxed against the defendant.
"9
"That the Special Master in Chancery be allowed the sum of $750.00 for his services in this case.
"Done and Ordered in Chambers at Miami, Florida, this 13th day of October, 1953.
 "/s/ Wayne Allen
 "Circuit Judge"
Thereafter Judge Allen departed this life and a motion for rehearing was argued before Circuit Judge Pat Cannon who, sitting as chancellor subsequently entered the following order and final decree:
"This matter having been presented to the court upon Defendant's Petition for Rehearing For Purpose of Vacating Final Decree, and the court having heard argument of counsel for the respective parties, and briefs having been submitted; the court having reviewed the record, and being fully advised in the premises is of the opinion that the plaintiff has failed by competent testimony to prove the material allegations of her bill of complaint and has failed to prove by competent testimony, the jurisdictional question of residence and grounds for divorce.
"By reason of the findings of the court aforesaid, the Final Decree heretofore entered on the 13th day of October, 1953, was erroneous.
"It Is Therefore Considered, Ordered, Adjudged and Decreed as follows:
"1. That the defendant's petition for rehearing be and the same is hereby granted.
"2. That the plaintiff has failed to prove by competent testimony, the material allegations of her Complaint as applies to residence, and allegations of grounds for divorce.
"3. The equities are with the defendant and against the plaintiff.
"4. The Final Decree of divorce heretofore entered on the 13th day of October, 1953 in this cause, be and the same is hereby set aside, vacated and held for naught.
"5. The plaintiff's bill of complaint be and the same is hereby dismissed.
"6. The court shall retain jurisdiction of the parties for the purpose of taxing costs, allowance of attorneys' fees, Master's fees and such other costs *285 as may have been properly incurred in the above entitled cause.
"Done and Ordered at Miami, Dade County, Florida this 11th day of December, 1953.
 "/s/ Pat Cannon
 "Circuit Judge"
From the foregoing final decree appellant Doris Frank has perfected an appeal to this court.
Appellant takes the position that Judge Cannon sitting for the first time as chancellor in this cause erred in granting the petition for rehearing and in entering the aforementioned final decree because the original final decree, which was favorable to her, finds ample support in the transcript of record. She contends that there is competent substantial evidence which not only justified the findings and recommendations of the master but which under established law in this jurisdiction required the chancellor to approve and adopt them and enter a final decree in conformity therewith.
Appellee has a contrary view. He contends that the final decree from which this appeal was taken and is being prosecuted is the one which should have been entered originally. His argument is that the record is devoid of any competent substantial evidence to support either the allegation of bona fide residence for the period of time required by statute or the charge of extreme cruelty.
We have carefully considered the evidence and have concluded that we must sustain appellant's contention. This court has ofttimes made the pronouncement that if a special master is appointed, by agreement or consent of the parties to a chancery cause, with authority to make findings of fact, conclusions of law and recommendations, his findings and recommendations should be approved and adopted by the chancellor unless clearly erroneous or it appears that the master has misconceived the legal effect of the evidence. Harmon v. Harmon, Fla., 40 So.2d 209; McAdow v. Smith, 127 Fla. 29, 172 So. 448; Kent v. Knowles, 101 Fla. 1375, 133 So. 315. And see Slatcoff v. Dezen, Fla., 74 So.2d 59. Of course, the master's findings of fact would be clearly erroneous if the record should fail to contain evidence in support thereof which is both competent and substantial.
Although it is obvious from an examination of the transcript that the final decree from which this appeal is prosecuted was entered by a chancellor other than the one who entered the original final decree consequent upon the master's report and recommendations, and that this cause had been referred to the master by still another chancellor, the fact remains that all of these orders and decrees were entered by the same court. The course this case took in the circuit court is unusual. We are not, however, permitted to attach any special significance to the handling of it by several chancellors, it being obvious that a change from one chancellor to another was a matter of necessity under existing circumstances. As a matter of law we must consider the final decree from which this appeal was taken just as though, upon rehearing, it had been entered by the chancellor who entered the original decree. We must determine whether in entering the ultimate "final decree" the chancellor observed the rule laid down by this court that the findings of fact made by a special master appointed as was the master herein (i.e., by tacit consent of the parties and with authority to take the testimony and report the same together with his findings of fact, conclusions of law and his recommendations) should not be set aside at the bare discretion of the chancellor but only when such findings are clearly erroneous. With this query as well as the foregoing rule in mind, we approach the problem thus presented.
Appellee insists that although appellant's testimony with regard to the length of her residence in Florida is corroborated, she failed to testify to, and there is no corroboration of, intent on her part of becoming a permanent resident, which this court has recognized as being an indispensable element in proof of bona fide residence prescribed *286 by statute, nor could the intention of establishing her residence in Florida and thereafter remaining in this state have been formulated and carried out by appellant because she lived with her husband until a few days before filing suit.
It is true we have repeatedly held that a wife may not establish a residence (for the purpose of instituting a divorce action) separate from that of her husband so long as she continues to live with him, but that she may do so if she separates from him for just cause. Curley v. Curley, 144 Fla. 728, 198 So. 584; Gratz v. Gratz, 137 Fla. 709, 188 So. 580; Edmundson v. Edmundson, 133 Fla. 703, 182 So. 824; Bowmall v. Bowmall, 127 Fla. 747, 174 So. 14; Minick v. Minick, 111 Fla. 469, 149 So. 483. The reason for such ruling is that the law recognizes the husband as the head of the family and the residence established by him is the residence of the wife unless through his fault she is compelled to leave the family domicile and establish her own. But if as in this case the former residence of the family as a unit was in Florida and the wife for just cause separated from her spouse and set up her residence in this state with the intent independently to become and remain a resident thereof, she may "tack on" to such newly established independent residence the period of time within which she was a resident of Florida by virtue of the establishment of the family domicile in Florida by the husband.
The intention of both parties to this suit to make their permanent residence in Dade County, Florida, is evidenced by the following acts: they filed their income tax returns for the years 1950 and 1951 as residents of Dade County; they purchased a home in Miami, Florida, in late 1950 or early 1951 and they lived in that home until their separation. Doris Frank's intent with reference to permanent residence in Florida after separating from Belmont Frank is shown not only by her testimony that she and her husband had been permanent residents of Florida "for five years" but also by the fact that after the separation she leased an apartment in Dade County for a full year. Then, too, the only way she could have broken the continuity of her residence in Florida once established as it was by the husband, would have been to have actually departed from this State with the intent to make some other state or country her place of residence. Taylor v. Taylor, 64 Fla. 521, 60 So. 116. This she did not do.
Moreover, Belmont Frank admitted the allegation of residence contained in the complaint, and in his deposition he testified that he and Doris had been permanent residents of Florida "for more than one year". In Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870, 873, we said "after all, the best proof of one's domicile is where he says it is". See also Pawley v. Pawley, Fla., 46 So.2d 464, 28 A.L.R.2d 1358.
We find no merit in the contention first made in the petition for rehearing that the wife's testimony concerning residence was not corroborated sufficiently to meet the requirements of the law. Nor are we persuaded that there was any attempt in this case to confer jurisdiction upon the circuit court of Dade County by consent or collusion of the parties. Absent fraud the express admission by the husband of residence of the family as a unit in Florida, which comports with the statute, coupled with a clear showing that the parties actually resided in this State, is sufficient corroboration of the wife's testimony on that subject. This is true because as the head of an intact family the husband alone may by intention and action establish the family domicile and it is he also who must possess animus manendi.
With reference to the contention that appellant's testimony as to her charge of extreme cruelty is uncorroborated, we need only say that we do not find such to be the case. On the contrary, there is competent substantial evidence in the record which amply supports the master's finding and recommendation on this point.
The application of our pronouncements herein to the instant case leads us to the conclusion that in the entry of the final decree *287 under review the learned chancellor erred because there is competent substantial evidence in the record which supports the findings of fact made by the special master, such findings are not clearly erroneous, and our judgment must therefore be one of reversal with directions that the final decree bearing date December 11, 1953 be set aside and held for naught and that the original final decree entered on October 14, 1953 be reinstated as the final decree in this cause.
Reversed with directions.
TERRELL, Acting Chief Justice, SEBRING, J., and PATTERSON, Associate Justice, concur.