TAYLOR, Associate Judge.
Abby Blume Fine, alleging herself to have been a resident of Florida for more than six months, instituted a suit for divorce against Jerome Fine, a resident of New York.
The defendant, appearing specially moved the Court to dismiss the proceeding for lack of jurisdiction of the person of the defendant.
The chancellor took testimony on this issue and denied the motion to dismiss.
The defendant has appealed relying primarily upon the contention that there was no evidence before the chancellor upon which he could determine that the plaintiff left her husband in New York for just cause and that, therefore, there was lacking an essential prerequisite to the wife establishing a legal residence in Florida. He relies largely upon the case of Bowmall v. Bowmall[1] in which the Supreme Court of Florida, by a divided court, held that the legal domicile of a wife was that of her husband unless and until she separated from him for just cause; that then, and only then, a wife could exercise her own discretion in establishing a new residence in a state other than that of the domicile of the husband; that when a wife asserts in an action for divorce that she has established such new domicile the husband may appear specially and deny that the wife has acquired a new domicile and that thereupon the burden is cast upon the wife to prove not only that she has, for the statutory period, physically resided in the state of the alleged new domicile with the intention of remaining there permanently, but also that she left her husband for just cause. This case is clearly in point and if it is binding precedent this Court has no alternative but to reverse the chancellor.
Counsel for the plaintiff, notwithstanding the holding in Bowmall v. Bowmall, and without even mentioning that case in their brief, moved this Court to dismiss the appeal as being frivolous. When this motion was called for argument, counsel for both parties agreed that the case might be considered on the merits of the appeal and we heard oral argument, discussed the case in conference at some length, and assigned it to the writer for further research which the Court deemed necessary.
*496 Thereafter counsel for the plaintiff, ap-pellee here, telegraphed to the Clerk of this Court the citations of two cases in which the Supreme Court first disapproved by way of obiter dictum and later completely receded from the views expressed in Bowmall v. Bowmall.
In Aldrich v. Aldrich, 153 Fla. 856, 16 So.2d 47, in an opinion by Mr. Justice Se-bring and concurred in by Justices Brown, Chapman and Thomas the Supreme Court said:
“The use of special appearance and motion to quash to test the residence status of a plaintiff in a suit for divorce has been approved by this Court. See Bowmall v. Bowmall, 127 Fla. 747, 174 So. 14; Curley v. Curley, 144 Fla. 728, 198 So. 584. Personally, the writer of this opinion is unable to agree that this is proper procedure. The divorce statute of this State requires not that residence be proved preliminarily as a condition to proceeding with a suit for divorce but only that proper proof of residence be made as a condition to obtain the final decree. Sec. 65.02, Florida Statutes 1941, F.S.A. Proof of residence, therefore, though indispensable to a decree or divorce, is not essential to the acquisition of the subject matter of divorce by the Court. When the Florida Chancery Act went into effect pleas in chancery were abolished and all defenses formerly available by plea in bar or abatement were thereafter required to be made by answer. See Sec. 63.33, Florida Statutes 1941, F.S.A.; Crockett et al. v. Volunteer State Life Insurance Co., 142 Fla. 750, 196 So. 297. As proof of residence is not required as a condition precedent to proceeding with a suit for divorce, lack of residence should be challenged by answer, when the bill of complaint contains the necessary allegations of residence. Upon answer the issue may be heard separately and, if the plaintiff prevails, the cause may proceed upon the merits without further pleading. Such course, we think, is in entire harmony with the design of the Florida Chancery Act to simplify procedure and expedite the trial of causes.
“The propriety of proceeding by special appearance and motion to quash has not been questioned in this certio-rari proceeding. The parties and the trial court have assiduously followed the procedure approved in Bowmall v„ Bowmall, supra, and we shall treat the question presented by the petition for certiorari as being properly here. Let it be clear to the members of the bench and bar, therefore, that the views expressed in the preceding paragraph are simply those of the writer of this, opinion, and of the members who agree with him, and, as such, are not binding upon the court. The method of proceeding by special appearance and motion to quash, which was approved in the Bowmall case, will continue until such time as, the question being squarely presented, a majority of the court see fit, if ever, to adopt the views herein expressed.”
Mr. Justice Buford dissented from this opinion because it disapproved his opinion, in the Bowmall case, although he approved the conclusion reached.
What is said in Aldrich v. Aldrich on the subject under discussion is clearly obiter dictum, but in its later case of Rollins v. Rollins, 155 Fla. 83, 19 So.2d 562, the question was specifically raised and the Court said:
“A final decree of divorce was granted appellee, and thereupon the appellant appealed, challenging in this court, specifically, the chancellor’s orders denying motions to quash the service and to extend the time for taking testimony.
“The first of these motions, unverified, simply questioned the jurisdiction because, so it was represented, the plaintiff had not been a resident of the *497 State of Florida a sufficient length of time to entitle her to bring the suit. There seems no need to pause here for a review of the opinion of this court in Bowmall v. Bowmall, 127 Fla. 747, 174 So. 14, holding that jurisdiction might be tested by special appearance and sworn motion to quash, notwithstanding the provisions of subsection (2) of section 33, chapter 14658, Laws of Florida, Acts of 1931, now subsection 2 of section 63.33, Florida Statutes, 1941, and F.S.A., that defenses presentable by plea in bar or abatement must be incorporated in the answer and may be separately determined.
“We refrain from further discussion of the procedure approved there because a majority of the court in Aldrich v. Aldrich, 153 Fla. 856, 16 So.2d 47, 48, recognized the distinction between jurisdiction of the person and of the subject matter in suits of this character, and decided the allegations of residence of the plaintiff should be traversed in the answer if the defendant wished to contest the point. We said there that proof of residence for the required period was indispensable to a final decree but not essential to ‘proceeding with a suit.’
“[1] Elaborating on this feature, length and character of residence do not affect jurisdiction over the person, which may be challenged by special appearance and motion to quash, but only jurisdiction over the subject matter. Patently the chancery court has power to entertain suits for divorce, as such, and may proceed until it develops that the plaintiff has not resided in the state for the period required by the statute. When that moment arrives the cause should be dismissed, the condition ‘indispensable to a decree of divorce’ not having been fulfilled. In short, irrespective of the question of jurisdiction over the person, the court may entertain the suit until it appears that the prerequisite of residence is absent; then evident lack of jurisdiction of the subject matter will halt any further progress of the cause.
“[2] We now again subscribed to the announcement made in Aldrich v. Aldrich, supra, relative to the means properly to be employed by the defendant when it is proposed to test the sufficiency of the residence of a plaintiff to warrant maintenance of suit for divorce.”
It thus becomes apparent that the chancellor acted in accordance with the controlling precedent when he overruled the contention of the defendant that the duty rested on the plaintiff to prove the merit of her contention that she left her husband for good cause before the defendant should be required to answer her complaint.
We must assume that counsel for the appellant were not familiar with the decisions in Aldrich v. Aldrich and Rollins v. Rollins, or they would not have prosecuted an appeal based almost entirely upon a decision of the Supreme Court which has been specifically receded from and repudiated by that Court.
On the other hand, counsel for the ap-pellee obviously were not familiar with these decisions because they are not cited in their brief and were only called to our attention after oral argument by a telegram to our Clerk as above noted. Thus the apparent failure of counsel on both sides to thoroughly research the law at the proper time has unfortunately resulted in unnecessary labor to counsel, expense to their clients and delay to litigation.
The foregoing criticism is in no manner personal as to counsel representing the parties to this appeal, each of whom is a respected member of the Bar of this State. The criticism deals with a not uncommon professional mistake which all members of the Bar can and should avoid by a more thorough preparation of their case before *498 they come to an appellate court charging the trial court with error.
The only other question raised by the appeal is the alleged error of the chancellor in sustaining objections to certain questions asked of the plaintiff. The conclusion reached above renders all this evidence immaterial. Therefore it is not necessary to discuss this question.
Appellee has applied for counsel fees for defending this appeal. The amount of fees, if any, to be awarded the wife in an action for divorce for all services rendered before the final decree ordinarily should be fixed by the chancellor after he has examined the merits of the case and the relative abilities of the parties. We, therefore, deny the application for fees to be awarded for services in this Court without prejudice to the presentation of the question to the trial court on the final hearing on the merits of the case.
Affirmed.
WIGGINTON, Chief Judge, and CARROLL, DONALD K., J., concur.

. 127 Fla. 747. 174 So. 14.