WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.

---

ROBERT J. W. TAYLOR, *Appellant*, v. ETHEL L. TAYLOR, *Appellee*.

1. Allegations of mere conclusions not warranted by facts alleged in a divorce proceeding may not be admitted by demurrer and do not state a cause of action.

2. A decree of divorce obtained by a wife who separates from her husband for adequate cause and in good faith removes to another State with the intention of permanently residing there and becomes a *bona fide* resident there, is valid as

against the husband who remains in the State of his residence and is served only by publication, without any appearance by him in the State in which the decree is rendered.

3. If the defendant in a divorce suit is not a resident of the State it is not necessary for the affidavit on which constructive service by publication is based, to state that there is no person in the State upon whom service of process could be made that would bind the defendant.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Hilton S. Hampton,* for Appellant;

*McMullen & McMullen,* for Appellee.

WHITFIELD, C. J.—On a former appeal herein the bill of complaint was held to have been properly dismissed on demurrer because not sufficient to warrant a decree of divorce. Taylor v. Taylor, 63 Fla. 659, 58 South. Rep. 238. The bill of complaint now before us on appeal is the same as the one copied in full on the former appeal with slight additions, that will be referred to in this opinion. A demurrer to the bill was sustained, and a plea of *res adjudicata* as to the first ground for divorce was also sustained and the complainant not desiring to amend, the bill dismissed. The complainant husband appealed.

On the former appeal it was held that the allegations of the bill of complaint as to the habitual indulgence by defendant wife in violent and ungovernable temper exhibited towards the complainant husband, do not disclose facts and natural consequences that render a continuance

of the marital relation impracticable, though it may be unhappy. The only practical difference between the allegations of the former bill and the present one, as to the defendant wife's conduct towards her husband, the complainant, and its consequences, is the added allegation "that as the result of mental worry and loss of sleep occasioned by defendant's conduct, your orator contracted a nervous affection by which his health was endangered, and rendered the performance of marital duties impracticable and impossible." This allegation is merely the assertion of a conclusion not warranted by the facts alleged, in view of the obligations imposed by law upon a husband because of his assumed superior physical strength and moral force and fortitude. Mere allegations of conclusions not supported by facts alleged may not be admitted by demurrer and do not state a cause of action.

Another ground for divorce alleged in the former bill is in effect that at the time of complainant's marriage to defendant she had a husband from whom she had not been legally divorced in that the defendant and her husband were not married in Florida, had never lived as husband and wife in said State, nor was he at any time before or since his marriage a citizen or resident of Florida; and that by means whereof the Circuit Court of Hillsborough County had no jurisdiction in the matter when it granted a decree of divorce to the defendant from her husband upon constructive service on the husband. On this appeal the bill contains the further allegation that the husband "never appeared in said suit and never submitted to the jurisdiction of said court."

There is no allegation that when the defendant wife came to Florida without her husband, she had no good cause to leave the domicile of her husband and to acquire

a domicile of her own separate from his for proper purposes to serve her welfare and rights. Nor is it alleged that the husband was never in Florida after his wife came here so that the law would cast upon him while here duties required by the marriage status and relation existing between him and the defendant. The allegation that the husband was never a citizen or resident of Florida does not exclude the idea that he may have been an inhabitant of the State with no intention of making it his permanent abode.

A decree of divorce obtained by a wife who separates from her husband for adequate cause and in good faith removes to another State with the intention of permanently residing there and becomes a *bona fide* resident there, is valid as against the husband who remains in. the State of his residence and is served only by· publication, without any appearance by him in the State in which the decree is rendered. Dunham v. Dunham, 162 Ill. 589, 44 N. E. Rep. 841; Cheever v. Wilson, 4 Wallace (U. S.) 108; Ditson v. Ditson, 4 R. I. 87.

If the defendant in a divorce suit is not a resident of the State it is not necessary for the affidavit on which constructive service by publication is based, to state that there is no person in the State upon whom service of process could be made that would bind the defendant.

It does not appear that the Circuit Court, a court of general jurisdiction, was without jurisdiction to decree the divorce between the defendant and. her former husband, or that such decree is not valid and binding on both parties thereto. Under these circumstances the demurrer to the bill of complaint was properly sustained, and it is not necessary to discuss here the principles of *res adjudi-*

*cata* stated in Prall v. Prall, 58 Fla. 496, 50 South. Rep. 867, 26 L. R. A. (N. S.) 577.

The decree is affirmed.

TAYLOR, SHACKLEFORD AND COCKRELL, J. J., concur.

HOCKER, J., absent on account of illness.