**MELVIN LLOYD GIPSON v. PHYLLIS GERTRUDE GIPSON**

10 So. (2nd) 82                                    En Banc
October 20, 1942

Roger Edward Davis, for plaintiff.

THOMAS, J.:

The plaintiff, a nonresident of Florida, married the defendant in California in the year 1940 and enlisted in the United States Navy. The following year he was transferred to the naval air station at Opa Locka, in Dade County. He intended to become domiciled in Florida when he arrived and after remaining a year registered as a qualified voter in this State. Later he instituted the present suit for divorce.

Upon this statement of facts the circuit court has certified to us for instruction, under Rule 38, the question whether the plaintiff acquired such a residence in Florida as to give that court jurisdiction of the cause.

It seems unnecessary to discuss decisions of this Court which would assist in defining his status had he not been serving in the armed forces. Patently, under the facts stated he became a resident, unless the rule heretofore recognized by us is affected by the change of domicile during enlistment.

If, in obedience to the orders of his superiors and in the line of duty, he had been sent to this State from another, he not entertaining any intention to shift his residence, his then domicile would have continued undisturbed. Johnston v. Benton, et al., 73 Cal. App. 565, 239 P. 60; Trigg v. Trigg, 226 Mo. App. 284, 41 S.W. (2nd) 583. See also note at 129 A.L.R. 1382.

To effect a change of domicile there must be a removal and an intent. That the former is accomplished because of the performance of duty by one in the

Service of his country is immaterial where, as in the instant case, the latter is established. In such circumstances the rule that there must be concurrence of factum and animus is satisfied. Trigg v. Trigg, supra.

Our view, therefore, is that the chancellor should proceed to a consideration of the proof of the facts postulated and, if they be established to his satisfaction, to a decision of the cause on its merits.

BROWN, C. J., WHITFIELD, CHAPMAN and ADAMS, JJ., concur.

TERRELL and BUFORD, JJ., dissent.

BUFORD, J., dissenting:

I think we should decline to answer the question because it is not within the purview of Rule 38, therefore, I dissent.