## FRED MILLS v. VIRGINIA MILLS

15 So. (2nd) 763                    June Term, 1943
December 3, 1943                    En Banc

*Billie B. Bush,* for appellant.

No appearance for appellee.

### THOMAS, J.:

When the chancellor heard, finally, the appellant's suit against appellee for divorce, he dismissed the bill without prejudice because of his conviction that the former was not a resident of this State; hence, the court had no jurisdiction of the cause. It was appellant's burden to prove that he had resided in the State ninety days before filing his bill of complaint (Sec. 65.02 Florida Statutes, 1941, F.S.A. Sec. 65.02)

else there could have been no jurisdiction, hence no adjudication.

We have studied closely the testimony of the appellant about his intention to change his domicile to the State of Florida and as closely the testimony of the lone witness introduced by him to support this feature of the case. We have found it rather unconvincing and under the rule which obtained before the effective date of Chapter 21,966, Laws of Florida, Acts of 1943, F.S.A. Sec. 46.12 [46 U.S.C.A. Sec. 541 et seq.] the chancellor would unquestionably have been justified in his conclusion.

This Act, however, provides that "Any person in any branch of service of the government of the United States, including military and naval service, . . . shall be deemed prima facie to be a resident of the State of Florida for the purpose of maintaining any suit in chancery. . . ." We do not consider it our duty to determine the constitutionality of the law for the obvious reason that no attack is made upon it. In her answer the defendant in the court below admitted the allegation of the bill of complaint that plaintiff "is and has been a bona fide resident of the State of Florida, more than ninety days immediately preceding the filing of this his suit for divorce." There was no contest by her when the testimony was taken, and she has filed no brief in this Court. For all practical purposes the matter proceeded ex parte in the chancery court and here. Inasmuch as the plaintiff claims the benefit of the act he, of course, does not challenge it.

Although, as we have stated, the testimony of the applicant was not very clear on the matter of his intention to adopt Florida as the State of his residence, we cannot say that it was so deficient as to defeat the prima facie presumption of residence springing from the statements by him and his witness that he was in the military service of the United States and at the time living within the State.

Much of appellant's brief is devoted to a discussion of the concurrent jurisdiction of the State and Federal governments over public lands and to the execution of process issuing from state courts directed to persons situate on reservations, how-

ever, we think the salient point is the intention entertained by the appellant of establishing a residence here.

In the case of Gipson v. Gipson, 151 Fla. 587, 10 So. (2nd) 82, we said there were two elements which must be proved to establish a change of domicile: the act of removal and the intent, or, as they are otherwise designated, factum and animus, and the man serving his country who during that service wished to remove his residence would not be handicapped because the first was accomplished by military order if the second was demonstrated by him.

In these times when great numbers of men are being transferred among states and foreign posts it occurred to us that intense confusion might result from a rule that any one of them could claim residence in any place where at the moment he was discharging his duties, but it seemed to us that it would not be fair to hold that the residences of all men in service should be frozen the day of induction to remain so until the day of discharge.

It is our conclusion that the animus must still be proved and that since the passage of Chapter 21,966, *supra,* the plaintiff is aided by its provision that a man in the service living within the state is to be considered prima facie a resident. Bearing in mind this rule in his favor we cannot conclude that the appellant's testimony was so weak as to overcome the presumption and we do not, for the reasons we have already given, determine the constitutionality of the Act.

The chancellor having dismissed the bill without prejudice, we assume that he passed on only the question of jurisdiction. Therefore the cause is reversed with directions to determine the controversy upon the merits.

Reversed.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN and ADAMS, JJ., concur.

SEBRING, J., dissents.