DREW, Justice.
On August 19, 1952, the appellee (wife) filed a complaint in the Circuit Court of Dade County against appellant (husband) for “Alimony unconnected with divorce” under Section 65.09, F.S.A. In paragraph I of the ■ sworn bill she alleged “That plaintiff is a temporary resident of the State of Florida.” Appellant answered on September 5, 1952, and, among other things, alleged appellee’s residence to be the State of New York.
The next item in the record is an “Amendment to Complaint,” which -was filed September 16, 1952. This document *298 amended paragraph I of the original complaint so as to read:
“Plaintiff is a resident of Dade County, Florida, and has been an actual bona fide resident of Dade County, Florida, for more than 90-days prior ■to the filing of this amendment to Bill- of Complaint.”
And added the following to the prayer:
“That she may be divorced and forever freed from the bonds of matrimony now existing between her and the Defendant.”
When the cause came on before the lower court for taking testimony the following transpired:
“Mr. Phillips : Now comes the plaintiff and moves the Court for leave to file an amendment to the bill of complaint filed herein, in substantially the same words and phraseology as contained in the amendment filed herein and recorded by the Clerk.
“The Court: All right. I will allow the amendment now to be filed, and treat the answer as addressed to the original bill as addressed to the bill as amended. Do you have any objections-to proceeding to trial?
“Mr..Clark: I have no objections to that at all, sir.”
At the conclusion of the hearing the lower Court said: “I will grant the divorce. I think it is best there be a divorce.” Thereafter a final decree of divorce was entered and this appeal followed.
Assuming — but not deciding — that the action of appellant’s solicitor in failing to object to the amendment of September 16th was sufficient to give the lower Court jurisdiction over the appellant in the divorce proceedings, it was incumbent upon the appellee wife to establish the jurisdictional prerequisite of 90 days residence in this State. Section 65.02, F.S.A. Within the meaning of this Statute the complaint was filed September 16, 1952.' The only testimony offered to show residence was the following:
Sylvia Turner (a witness for appellee wife):
“ * * * Q. When did you first meet Mrs. Fazio? A. It was around June 15th of this year.
“Q. Of 1952? A. 1952.
******
“Q. How frequently did you see Mrs. Fazio since, say, June 15, 1952? A. I have seen her about every week since then.
“Q. Since when ? A. Since I- first met her. I have seen her pretty steadily.
******
“Q. Would you say of your own knowledge that Mrs. Fazio has been a bona fide, continuous resident of the State of Florida since June 15, 1952, up to and including the present time? A. Yes, for the fact that I have seen her pretty steadily.
* * ‘ * * * *
“Q. Well, what about June 15th made it stand out in your mind? A. Oh, I just know it’s around the date that I met her.
. “Q. It is around that time? It could have been June 25th; couldn’t it? A. Well, I am just saying around June 15th.
“Q. Yes, Ma’am. Is this within a radius of a month of June 15th? A. Could have been.
* . * * * * *, •
“Q. Could have been the last, could have been the 25th or 30th of the month ? . A. That is right. * * * ”
Mrs. Fazio (appellee wife) :
“ * * * Q. When did you first come to the State of Florida, Mrs. Fazio? A. I have a poor memory for dates, but I- believe I' arrived here around June 9th.* * * ”
Robert Fazio (son of appellee wife) :
“ * * * Q. Do you recall when you and your mother and brother first cáme to the State of Florida? A. No, I don’t.
“Q. Do you recall what" month it was? A. I believe it was June.
“Q. Do you remember the exact date? A. No, I don’t.
*299 “Q. Was it the early part of June, or the latter part of June? A. I would say about just between the early part and before the last week.
* * * * * *
“Q. Do you remember the exact date in June? A. No, I don’t. * *”
The above testimony is wholly insufficient to establish residence for 90 days as required by Section 65.02, F.S.A. In all instances the burden is on the plaintiff to establish such residence by competent proof. Mills v. Mills, 153 Fla. 746, 15 So.2d 763. Residence can never be assumed in divorce cases nor can it be established by agreement. Phillips v. Phillips, 146 Fla. 311, 1 So.2d 186.
Having determined that the complaint must be dismissed for the reasons stated, it is unnecessary for us to pass on the other questions presented.
Reversed with directions to dismiss the complaint.
Reversed.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.