ALLEN, Judge.
This is an appeal from a final decree of dismissal of an action for divorce on jurisdictional grounds.
The plaintiff and defendant were married in New York City on October 4, 1951 hut have resided in Fort Lauderdale, Florida since that time. The plaintiff filed a complaint for divorce on December 5, 1957, alleging extreme cruelty as one of her grounds for divorce. The defendant filed an answer denying plaintiff’s allegations and counterclaimed for divorce on a ground of habitual intemperance. A reply denying the allegations of the counter-claim was filed by plaintiff. The suit apparently started out as a contested one, but by the time of the final hearing had resolved itself into an uncontested proceeding.
*293 At the trial, only witnesses for the plaintiff testified. It appears that the parties separated two months prior to the bringing of this suit. Shortly before the filing of this suit, the plaintiff’s sister and brother-in-law came to Florida to persuade her to go to Illinois for medical treatment and soon after the complaint was filed the plaintiff went there and remained until the cause came on for taking of the testimony. At the conclusion of all the testimony the chancellor dismissed the plaintiff’s suit for lack of jurisdiction on the grounds that the plaintiff having gone to Illinois after the complaint was filed and there remaining until final hearing, he concluded that the plaintiff’s intention was to change her domicile.
There is no question of the domicile of the plaintiff at the time her complaint was filed nor is there any affirmative testimony in the record that shows any intention on the part of the plaintiff to abandon her Florida residence.
It can be seen from the final decree the court’s conclusion that the plaintiff had abandoned her residence in Florida came from the fact that the plaintiff, after leaving the hospital, went to a rest home and her relatives came to Florida and took her back home with them because of her condition; that the lease on the apartment which she had occupied was cancelled after the departure; and the decree further stating:
“ * * * it appears probable that Plaintiff will leave the State of Florida at the conclusion of this case and enter a sanitarium or medical institution outside the State of Florida.
“It is obvious to the Court under the circumstances that Plaintiff requires constant supervision which necessarily devolves upon her family all of whom live outside the State of Florida. She has made no arrangements to live in Florida and by her own testimony has no such plans. She has no property in Florida outside of an automobile.”
This court is of the opinion that the record of the testimony before the lower court showed no abandonment of her Florida domicile by the plaintiff.
It is stated in 11 Fla.Jur. Domicil and Residence § 11, at page 10, as follows:
“ * * * The two essential elements to the acquisition of a new domicil or domicil by choice, as distinguished from domicil of origin, are (1) residence in a new locality, (2) coupled with an intention to make it one’s home, that is to' say, an intention to permanently remain there and not return to the old locality. * * * Warren v. Warren, 1917, 73 Fla. 764, 75 So. 35, L.R.A.1917E, 490. Chaves v. Chaves, 1920, 79 Fla. 602, 84 So. 672, and Wade v. Wade, 1927, 93 Fla. 1004, 113 So. 374.
“There must be a concurrence of both fact and intent, the factum and animus must both exist together. The mere intention to acquire a new domicil, unaccompanied by an actual removal, avails nothing, neither does the fact of removal without the intention avail. To effect a change of domicil, there must be a removal and an intent, or factum and animus.”
In Miller v. Nelson, 1948, 160 Fla. 410, 35 So.2d 288, it was stated that a person will not change his domicile by removal to a new dwelling place without an intention to make the new dwelling place his domicile.
In Gipson v. Gipson, 1942, 151 Fla. 587, 10 So.2d 82, the Court held that there were two elements which must be proved to establish a change of domicile; the act of removal and the intent.
In 8 Fla. Law and Practice, Domicile, § 19, at page 110, Continuance or loss of domicile, it is stated:
“Change of domicile is a proceeding of a very serious nature, and one that carries with it very serious consequences. In part, the difficulty with a *294 concept that requires fixity in a mobile society has led to the confusion with other terms and ideas as previously indicated. This has not, however, lessened in any way the importance of, nor the need for, a legal headquarters for all individuals in our society. For that reason change of domicile is generally disfavored, and until the actual new domicile is acquired, the former will be deemed to continue. This presumption is a very strong one. Even an expressed intention to change or actual starting of movement to a new place of residence if not completed will not work such a change. Nor will any temporary absence from the domicile work the change.”
In the case of Frank v. Frank, Fla.1954, 75 So.2d 282, 286, the Florida Supreme Court, in its opinion said:
“The intention of both parties to this suit to make their permanent residence in Dade County, Florida, is evidenced by the following acts: they filed their income tax returns for the years 1950 and 1951 as residents of Dade County; they purchased a home in Miami, Florida, in late 1950 or early 1951 and they lived in that home until their separation. Doris Frank’s intent with reference to permanent residence in Florida after separating from Belmont Frank is shown not only by her testimony that she and her husband had been permanent residents of Florida 'for five years’ but also by the fact that after the separation she leased an apartment in Dade County for a full year. Then, too, the only way she could have broken the continuity of her residence in Florida once established as it was by the husband, would have been to have actually departed from this State with the intent to make some other state or country her place of residence. Taylor v. Taylor, 64 Fla. 521, 60 So. 116. This she did not do.
“ * * * In Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870, 873, we said 'after all, the best proof of one's domicile is where he says it is’. See also Pawley v. Pawley, Fla., 46 So.2d 464, 28 A.L.R.2d 1358.” (Emphasis ours.)
The decree of dismissal of the lower court must be and is reversed for further proceedings not inconsistent with this opinion.
KANNER, C. J., and SHANNON, J., concur.