WILLIAM J. GREEN, Plaintiff and Appellant, *v.* ANN Z. GREEN, Defendant and Appellee.

No. 619. Decided March 25, 1963.

*Francisco Torres Aguiar* for appellant. *A. Castro Fernández* and *Francisco Castro Amy* for appellee.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

On March 15, 1961 William J. Green, a member of the Armed Forces of the United States of America stationed in Puerto Rico since December 15, 1959, brought in the Superior Court, San Juan Part, an action of divorce against his wife Ann Z. Green on the ground of separation for more than three years. Defendant challenged the jurisdiction of the court on the ground that the cause of action had not occurred in Puerto Rico nor had plaintiff acquired the residence in this Island required by § 97 of the Civil Code of Puerto Rico (31 L.P.R.A. § 331).[1]

The parties having been heard on the challenge, the trial court sustained the same and dismissed the complaint for lack of jurisdiction.

Can a member of the armed forces establish his domicile in a place other than his place of residence when he joined the armed forces? This is the only question for decision in this appeal.

The residence required by § 97 of the Civil Code (see footnote 1) amounts to domicile. *González* v. *Santiago*, 84 P.R.R. 366 (1962). In that case we said:

"Now then, pursuant to § 11 of our Political Code, in order to determine domicile the following rules shall be observed:

"1. It is the place where one habitually resides when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose.

"2. There can only be one domicile.

".    .    .    .    .    .    .    .

"7. Domicile can be changed only by the union of act and intent.

---

[1] Section 97 *supra* provides in its pertinent part:

"No person can secure a divorce under this title who has not resided in the Commonwealth for one full year immediately preceding the action, unless the act or acts on which the suit is based have been committed in Puerto Rico, or while one of the parties to the marriage resided here."

"The parties agree that in order to acquire a domicile by voluntary choice, two requirements are essential, to wit: (1) physical presence and (2) intention to remain in the place chosen. Kennan, *On Residence and Domicile,* § 13; 53 Harv. L. Rev. 68."

Further on we added in that case that "to effect a change of domicile, there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence in another place with intention of making it a permanent home." In other words, there should exist presence of *animus manendi* with respect to the place where one is established, and absence of *animus revertendi* with reference to the place where the domicile was formerly established.

■ The general doctrine is to the effect that members of the armed forces, no matter where they may be physically, may keep the domicile of the place where they join the armed forces, if they had their domicile there. *Foss* v. *Ferris,* 63 P.R.R. 547.

■■ However, where certain special circumstances are present, the possibility has been established, as an exception to the general rule, that a member of the armed forces may establish his domicile in the place where he is on duty. Thus, for example, there must be overt acts to demonstrate a bona fide intent to acquire residence, *O'Keefe* v. *O'Keefe,* 192 S.W.2d 556; the fact of living outside the base without being required by the military authorities, *Clark* v. *Clark,* 225 P.2d 486; the acquisition of real property, *Gallagher* v. *Gallagher,* 214 S.W. 516; to exercise the right to vote in the state where he is on duty, *Gibson* v. *Gibson,* 10 So.2d 82.

The trial court relied on the case of *Foss* v. *Ferris, supra.* However, the facts in that case did not show that Sergeant Foss had intended to establish his domicile in Puerto Rico and that if he remained in the Island it was because he had no other alternative, while the facts in the present case es-

tablish the special circumstances to come within the exception to the general rule already pointed out.

Plaintiff Green joined the naval forces of the United States about eleven years ago. He had come to Puerto Rico on several occasions and at his request he was stationed in this Island for duty. He had the intention of establishing his domicile here and to engage in business. When he came to Puerto Rico he always lived and lives at present outside the naval base. He opened an account in a San Juan bank and acquired an automobile by purchase. He has spent his vacation periods in this Island. He owns here the enterprise Ponce de León Bottling Company, a spring water and carbonated beverages business which owns trucks, automobiles, and motorcycles. He holds a permit of use of the Planning Board to engage in the laundry business. He voted in the general elections held in Puerto Rico in 1960, and lastly, he plans to bring his father and sisters to Puerto Rico.

Therefore, the doctrine of the *Foss* case, *supra*, does not apply strictly to appellant Green and, consequently, the order of the Superior Court dismissing the complaint will be set aside and the case remanded for further proceedings.