CULVER SMITH, Circuit Judge.
This is a direct appeal from a judgment of the Circuit Court of the Twelfth Judicial Circuit in and for Collier County which adjudged Section 372.312(1) and Section 372.312(5), Florida Statutes, F.S.A., to be unconstitutional. The facts are these: On April 6, 1968, one Stevens 12 Gauge Pump Shotgun of the value of $25.00 was seized from Ralph Elish Turner, the Appellee, pursuant to Sections 372.99 and 372.9901, Florida Statutes, F.S.A., for alleged violation of Section 372.99. The gun was thereafter placed in the custody of the Director of the Game and Fresh Water Fish Commission. On June 18, 1968, the Director of that Commission made a return of the seized property to the Clerk of the Circuit Court of Collier County setting forth the facts bearing on the seizure. After the filing of the return, an affidavit was made of the posting of notice of forfeiture. On August 27, 1968, a default judgment was entered in the proceedings against the Ap-pellee. The case was brought on for final judgment before the Circuit Judge who dismissed it with prejudice, holding that a portion of Section 372.312(1) and all of Section 372.312(5) are unconstitutional.
Appellants have briefed and argued the constitutionality of the statutes in question. We conclude, however, that this cause must be remanded without a consideration of their constitutionality.
The record shows that at no time did the Appellee, or any other party, raise a constitutional question. Appellee did not defend in the Court below and a default was entered against him. He did not defend this appeal. This Court has, on a number of occasions, held that it is not only unnecessary, but improper for a Court to pass upon the constitutionality of an act, the constitutionality of which is not challenged; that Courts are not to consider a question of constitutionality which has not been raised by the pleadings, or which has not been raised by a person having the requisite interest. See Mills v. Mills, 153 Fla. 746, 15 So.2d 763; State ex rel. McClure v. Sullivan, Fla., 43 So.2d 438; Henderson v. Antonacci et al., Fla., 62 So.2d 5, and Mott v. Cochran, Fla., 117 So.2d 408. In the latter we stated:
“It is not a part of the judicial responsibility to undertake to invalidate them (statutes) unless the parties to the cause raise the question and assault the statute because of organic weaknesses.”
The Circuit Judge erred in considering and passing on the constitutionality of the statutes, and we do not, by this opinion, in any way deal with their constitutionality. This cause is hereby remanded with directions to the Court below to vacate its Final Judgment of August 28, 1968, and to enter Judgment for the Appellants.
ERVIN, C. J., and DREW, CARLTON and ADKINS, JJ., concur.