COBB, J.
Ann Anderson [Anderson] appeals from an adverse judgment of partition. She contends that she is the rightful owner of the real property in question pursuant to a conveyance executed in conformance with section 733.613, Florida Statutes (1996).
The real property in question was originally owned by Edward Williams who died in 1960 and was survived by several children, including Davis Williams. Probate proceedings were begun but the Edward Williams estate was closed without a final disposition of the real property. In October, 1995, Davis Williams died testate, survived only by his stepdaughter, Theressa Johnson [Johnson], In November, 1995, Davis Williams’ will, naming only Johnson, was filed with the clerk of the circuit court for safekeeping though no petition to admit the will to probate was filed at the time. In early 1996, Bert Coleman, on behalf of Edward Williams’ heirs, entered into a contract to sell the property to Anderson. In March, 1996, Johnson advised Coleman that she wanted her interest in the land as a home site.
Coleman thereafter petitioned the probate court to reopen the Edward Williams estate for a determination of heirs and appointment of successor personal representative. No notice of the petition was provided to Johnson. The probate court, by order dated June 5, 1996, reopened the estate, appointed Coleman as successor personal representative and determined the heirs of Edward Williams. Johnson was not listed as an heir. The court also authorized the sale of the property to Anderson. Anderson took title to the property on June 28, 1996, pursuant to a deed from Coleman. The closing agent, pursuant to a directive from Coleman, sent a check to Johnson for her interest. Johnson rejected the check. In August, 1996, Johnson filed a petition to admit Davis Williams’ will to probate and to amend the order determining heirs and authorizing sale. Anderson was not afforded notice of this action. By order dated February 4, 1997, the probate court ruled that Coleman was not authorized to sell the estate of Davis Williams’ interest in the property and ruled that the conveyance to Anderson did not include said interest.
Johnson meanwhile sued Anderson for partition. Anderson counterclaimed to quiet title to the property. Following a non-jury trial, the court entered the order being appealed, ruling that Johnson owned an undivided 20% interest in the property. The court further explained:
The Court recognizes that § 733.613, Fla. Stat., states that “[n]o bona fide purchaser shall be required to examine any proceedings before the order of sale.” However, the Court finds that the statute is unconstitutional as it applies to the unique facts and circumstances of this case. The Personal Representative, with a little effort and diligence, could have easily ascertained and notified the Plaintiff as an identifiable owner of an interest in the property prior to the sale to the Defendant. Further, the probate court in case number 2509-CP found that Bert Coleman, as Successor Personal Representative, was not authorized to sell the interest of the Plaintiff in and to the subject property.
*425 The court appointed commissioners “to make partition or make a finding to the Court that the property is indivisible.” The court denied Anderson’s counterclaim.
Section 733.613 provides in relevant part:
(1) When a personal representative of a decedent dying intestate, or whose' testator has not conferred upon him a power of sale or whose testator has granted a power of sale but his power is so limited by the will or by operation of law that it cannot be conveniently exercised, shall consider that it is for the best interest of the estate and of those interested in it that real property be sold, the personal representative may sell it at public or private sale. No title shall pass until the sale is authorized or confirmed by the court. Petition for authorization or confirmation of sale shall set forth the reasons for this sale, a description of the property sold or to be sold, and the price and terms of the sale. Except when interested persons have joined in the petition for sale of real property or have consented to the sale, notice of the petition shall be given. No bona fide purchaser shall be required to examine any proceedings before the order of sale. (Emphasis added).
Anderson correctly points out that the issue of the constitutionality of section 733.613 was never raised in the pleadings. The order does not reflect which particular provision(s) of the constitution is implicated. Under these circumstances,- the trial court erred in finding the statute to be unconstitutional. See State v. Turner, 224 So.2d 290 (Fla.1969).
Further, the evidence below was that Anderson had no knowledge of Johnson’s existence or her claim. Johnson’s response is that while Anderson may have lacked actual notice, she had constructive notice due to the filing of the will with the clerk of the court. But constructive notice of what? The closing agent testified that she knew at the time of the closing about Johnson’s claim to a 20% interest in the subject property based upon the will. The closing agent, however, was instructed by Coleman to cut checks to each of the co-owners so the agent sent Johnson a check for her 20% interest out of the sale proceeds, a check which Johnson rejected.
Thus while the closing agent knew of Johnson’s interest in the subject property, Coleman, who had court authorization to sell the property, directed checks be written to each of the heirs. Coleman may be guilty of negligence or perhaps an outright misrepresentation in informing the probate court that all the heirs had consented to the sale. However, Anderson was in no way at fault here since her only notice of Johnson’s interest would have been constructive notice (the recording of the will) which in itself in no way indicated to Anderson (or to the closing agent for that matter) that Johnson refused to authorize the sale of her interest in the property. Indeed, Coleman represented that the heirs had authorized the sale and the June 6, 1996 order of the probate court accordingly gave Coleman authority to sell the property to Anderson. Anderson had every right to rely on that order unless and until it was set aside. See § 733.613, Fla. Stat. It was not set aside (partially, as to Johnson’s interest) until February 4, 1997, after the sale. Anderson took title pursuant to a probate court order which by statute she was entitled to rely upon. The partition order is reversed.
REVERSED.
GOSHORN and ANTOON, JJ., concur.