LAWSON, J.
 

 The Department of Children and Families (“DCF”) appeals from an order determining that a dependent child, K.D., is eligible to participate in the Road to Independence (“RTI”) Program. This program provides financial assistance to former foster children for educational and vocational training. § 409.1451(5)(b)l., Fla. Stat. (2009). The trial court determined that K.D. is eligible despite the fact that she had been living with a non-relative court-approved guardian rather than in foster care. The court concluded, sua sponte, that the statute’s eligibility provisions violated equal protection by unfairly affording services to foster children but not to children living in non-relative placements.
 

 On appeal, DCF correctly argues the trial court improperly declared the statute unconstitutional without affording it notice and an opportunity to be heard on that issue.
 
 See State v. Turner,
 
 224 So.2d 290, 291 (Fla.1969) (“[Cjourts are not to consider a question of constitutionality which has not been raised by the pleadings, or which has not been raised by a person having the requisite interest.”);
 
 see also
 
 16 Am.Jur.2d
 
 Constitutional Law
 
 § 132 (updated 2010) (explaining that the
 
 *48
 
 purpose behind this rule is to give interested parties sufficient time to “brief and prepare arguments defending the constitutionality of the challenged statute” and to “furnish reviewing courts with an adequate record upon which to adjudge the constitutionality of the statute”). Accordingly, we reverse the order on appeal and remand with instructions that the trial court either declare K.D. ineligible for participation in the RTI program or, if a constitutional challenge is raised by K.D. on remand, to give the Department a reasonable opportunity to present evidence and/or argument relating to that issue before deciding it.
 

 In reaching this decision, we have considered and rejected KD.’s argument that the term “foster care” in section 409.1451(2), Florida Statutes, should be read broadly to include the placement of a dependent child with anyone other than a member of her family.
 
 [1]
 
 We agree with the trial court that the statute cannot be fairly read in this fashion. The statute, in relative part, provides that a child “placed with a court approved dependency guardian” will only qualify for the RTI program if the child has “spent a minimum of 6 months in foster care within the 12 months immediately preceding such placement....” Obviously, this requirement would be rendered meaningless if the term “foster care” in this context was defined to include placement with a court-approved dependency guardian. For this reason, alone, it is clear to us that the term foster care, in this context, means a licensed foster care home, which is how the term is used elsewhere in related statutes.
 
 [2]
 

 REVERSED; REMANDED WITH DIRECTIONS.
 

 MONACO, C.J., and EDWARDS-STEPHENS, S., Associate Judge, concur.
 

 ON MOTION FOR CERTIFICATION
 

 PER CURIAM.
 

 We grant Appellee’s motion for certification pursuant to Florida Rule of Appellate Procedure 9.330(a), and certify the following question to the Florida Supreme Court as one of great public importance:
 

 Does the term “foster care” as used in Florida Statute section 409.1451 (5)(b),
 
 *49
 
 concerning eligibility for the Road to Independence Program, encompass children placed with a non-relative court-approved guardian?
 

 QUESTION CERTIFIED.
 

 MONACO, C.J., LAWSON, J., and EDWARDS-STEPHENS, S., Associate Judge, concur.
 

 [1]
 

 . In this case, the court had entrusted K.D. to the care of a family friend, at K.D.'s request. Interestingly, DCF had “offered” K.D. the “opportunity” to be removed from the custody of this family friend and to be placed in a licensed foster home for a six-month period— so that she would qualify for RTI funds when she reached eighteen years of age. Understandably, K.D. rejected this offer. Whatever the ultimate outcome of this case, it does not seem to be a wise public policy to continue limiting RTI funds to only those dependent children who are placed in foster care, if for no other reason than that the unintended result of this requirement seems to be a further disruption in the lives of dependent children — who, it seems, are being encouraged to shuffle through foster care only so that they will later qualify for the RTI funds. Although we are powerless to address this policy issue, we recommend it to the Florida Legislature for consideration.
 

 [2]
 

 . Section 39.01(31), Florida Statutes (2009), defines "foster care” as “care provided a child in a foster family or boarding home, group home, agency boarding home, child care institution, or any combination thereof.” Although this definition does not refer to li-censure, section 409.175(4)(a) requires that "[a] person, family foster home, or residential child-caring agency may not provide continuing full-time child care or custody unless such person, home, or agency has first procured a license from the department to provide such care.” Reading the statutes together, it is clear that "foster care” and "licensed foster care” are synonymous, because any person or family providing foster care must be licensed. A similar distinction between licensed foster care and non-relative placement is made in section 39.521, Florida Statutes (2009), which deals with the court's powers of disposition.