GRIFFIN, J.
Petitioner, Department of Children and Families [hereinafter “Petitioner”], seeks a writ of certiorari to undo the trial court’s September 13, 2011, order denying Petitioner’s Motion to Quash Interrogatories.
The order for which Petitioner seeks review arises out of proceedings conducted in the circuit court for Brevard County after remand by this Court in accordance with the opinion in Department of Children and Families v. K.D., 45 So.3d 46, 47 (Fla. 5th DCA 2010). In K.D., we said:
The Department of Children and Families (“DCF”) appeals from an order determining that a dependent child, K.D., is eligible to participate in the Road to Independence (“RTI”) Program. This program provides financial *1121 assistance to former foster children for educational and vocational training. § 409.1451(5)(b) 1., Fla. Stat. (2009). The trial court determined that K.D. is eligible despite the fact that she had been living with a non-relative court-approved guardian rather than in foster care. The court concluded, sua sponte, that the statute’s eligibility provisions violated equal protection by unfairly affording services to foster children but not to children living in non-relative placements.
On appeal, DCF correctly argues the trial court improperly declared the statute unconstitutional without affording it notice and an opportunity to be heard on that issue. See State v. Turner, 224 So.2d 290, 291 (Fla.1969) (“[Cjourts are not to consider a question of constitutionality which has not been raised by the pleadings, or which has not been raised by a person having the requisite interest.”); see also 16 Am.Jur.2d Constitutional Law § 132 (updated 2010) (explaining that the purpose behind this rule is to give interested parties sufficient time to “brief and prepare arguments defending the constitutionality of the challenged statute” and to “furnish reviewing courts with an adequate record upon which to adjudge the constitutionality of the statute”). Accordingly, we reverse the order on appeal and remand with instructions that the trial court either declare K.D. ineligible for participation in the RTI program or, if a constitutional challenge is raised by K.D. on remand, to give the Department a reasonable opportunity to present evidence and/or argument relating to that issue before deciding it.
Id. at 47-48. On remand, Respondent filed her “Motion to Find Florida Statute 409.1451 Unconstitutional As Applied and to Order the Department of Children and Families to Provide RTI Benefits to OLD.].”
On July 22, 2011, K.D. served twenty written interrogatories on the Petitioner. Petitioner contends, however, that when viewed in the context of the numerous sub-parts, the questions actually number nearly 500. K.D. asserted in her written interrogatories that such interrogatories were authorized for usage as a discovery tool “pursuant to Fla. R. Juv. P. 8.245, and other controlling Florida statutes....” K.D.’s attorney explained the reasoning behind pursuing the interrogatories as follows:
MR. THURSTON: Essentially they were based on the Department’s previous appellate brief to the 5th DCA where they stated that were they to grant [K.D.] benefits, it would run them out of money. So we simply asked them to tell us, well, where are you spending your money.[1]
Petitioner filed a motion to quash the interrogatories, arguing that the Florida Rules of Juvenile Procedure govern the proceedings below and those rules do not authorize the use of interrogatories as a discovery tool in dependency proceedings. The trial court denied Petitioner’s motion to quash.
Petitioner correctly contends that discovery in juvenile proceedings is governed by rule 8.245 and that the discovery tools authorized are limited. The rule permits production of documents and things for inspection and other purposes [rule 8.245(d) ], production of documents and things without deposition [rule 8.245(e)] and depositions [rule 8.245(g) ]. The juvenile rules do allow for the use of written interrogatories for “Perpetuating Testimony Before Action or Pending Appeal.” See Fla. R. Juv. P. 8.245(h)(1)(C). That rule does not apply in these circumstances, *1122 however, and there is no other authority for the use of interrogatories in dependency cases. Because no rule authorizes their use, there is also no rule regulating their use. To refuse to disallow the use of interrogatories by K.D. was a material departure from the essential requirements of law.
Petitioner points out that there was a time when interrogatories may have been an available discovery tool in dependency proceedings due to a reference to the rules of civil procedure in the juvenile rules. Former Florida Rule of Juvenile Procedure 8.200 used to provide that “[wjhere the rules are silent, the parties are to refer to the Florida Rules of Civil Procedure.” However, rule 8.200 was eliminated when the juvenile rules were amended in November 1992. See In re Amendments to the Florida Rules of Juvenile Procedure, 608 So.2d 478 (Fla.1992). The Supreme Court also added this language to the committee notes to rule 8.000: “Reference to the civil rules, previously found in rule 8.200, has been removed because the rules governing dependency and termination of parental rights proceedings are self-contained and no longer need to reference the Florida Rules of Civil Procedure.”
K.D. contends that, even if the trial court’s order were erroneous, certiorari should nevertheless be denied because Petitioner has an adequate remedy on appeal. However, once the interrogatories are allowed and Petitioner expends the effort and expense to respond to them, there is no remedy available on appeal that can provide any relief.
PETITION GRANTED; ORDER QUASHED.
SAWAYA and LAWSON, JJ., concur.

. This begs the relevancy question, but that issue was not directly raised in the petition.