# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-1877
Lower Tribunal No. 04-23829
_____

**Larry Robert Williams,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Eugene F. Zenobi, Regional Counsel, and Roberta G. Mandel, Special Assistant Regional Counsel, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before ROTHENBERG, SALTER, and LOGUE, JJ.

ROTHENBERG, J.

The defendant, Larry Robert Williams, who was charged with first degree murder and shooting into a public or private building, appeals his conviction for the lesser included offense of manslaughter and for shooting into a public or private building. The sole issue raised on appeal is whether the trial court erred by denying the defendant's motion to suppress his statements. Because we find that the trial court's order denying the defendant's motion to suppress is supported by competent substantial evidence, we affirm.

At approximately midnight on August 4, 2004, Lindsey Graham was shot and killed when someone fired through her bedroom window while she was speaking to her friend Brandi Cooper on the telephone. After conducting their investigation and obtaining probable cause to believe the defendant was the person who shot and killed Ms. Graham, Miami-Dade County homicide detectives went to the defendant's home the following afternoon. The detectives found the defendant seated in a car parked in front of the house, took the defendant into custody, and placed the defendant under arrest. After obtaining consent to search the residence from the defendant and his mother via a consent-to-search form, the detectives searched the defendant's home, and the murder weapon, an AK-47, was recovered in the attic.

When the defendant was taken into custody and advised that he was under arrest for the homicide of Ms. Graham, he spontaneously stated, "How many years

am I gonna get for this?" The detectives did not respond to this spontaneous statement, nor did they acknowledge the defendant's repetition of this question during his transport to the homicide bureau other than to advise the defendant to wait until they got to the homicide office where his questions would be answered. At the homicide office, the defendant was advised of his rights with the use of a Miranda[1] rights warning form, which the defendant executed, thereby waiving his rights and agreeing to speak with Detective Romagni without having a lawyer present. The defendant then provided a videotaped statement admitting to the homicide.

The defendant does not dispute that his statement was a voluntary statement free from coercion or any promises made to him by the police. The sole issue raised on appeal is whether the defendant possessed the mental capacity to make a knowing and intelligent waiver of his rights when he was questioned by the police.

After conducting an evidentiary hearing, the trial court issued an order denying the defendant's motion to suppress the defendant's statements. The trial court's order reflects that the trial court considered the testimony of the detectives, the videotaped statement of the defendant, the photographs of the crime scene, the consent-to-search form, the Miranda rights waiver form, and the deposition testimony of two psychologists who were retained or appointed to determine the

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

defendant's competency to waive his rights. The trial court specifically found that the defendant and his mother knowingly and willingly consented to the search of the premises, the defendant had the mental capacity to understand his waiver and the impact of his waiver, and the defendant's statements and admissions were freely and voluntarily given.

The trial court's ruling on a motion to suppress evidence is presumed to be correct and is entitled to great deference. San Martin v. State, 717 So. 2d 462, 469 (Fla. 1998). The reviewing court interprets the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling. Id.

Although the defendant's I.Q. scores were in the lower range, the defendant, who was twenty-two years old at the time of his statement, advised the detectives that he had an eleventh grade education; he was enrolled to obtain his GED; he was not under the influence of any alcohol, illicit drugs, or medication; he did not suffer from a mental illness; and he understood the proceedings. The defendant's statement reflects that the defendant had no difficulty providing relevant personal information, including addresses, phone numbers, and employment history. He stopped the detective and asked questions when he did not understand what was being asked. For example, before responding to two of the Miranda questions, he asked the detective to explain more fully what his rights were and what he was

waiving, and after further explanation, he stated that he understood and was willing to waive those rights. During his statement, the defendant confirmed that when he executed the rights waiver form, he did so freely and voluntarily and that he understood the rights he was waiving. Additionally, the defendant's statement was consistent with the physical evidence and the testimony of the witnesses.

Because the trial court's findings are supported by competent substantial evidence, we affirm.

Affirmed.