# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0393
Lower Tribunal No. F23-13380
_____

**Nehemiah Devince Brock,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Pooler, Judge.

Carlos J. Martinez, Public Defender and Jennifer Thornton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General and Yolande M. Samerson and Camilo Montoya, Assistant Attorneys General, for appellee.

Before GORDO, BOKOR and GOODEN, JJ.

GORDO, J.

Nehemiah Devince Brock ("Brock") appeals a final judgment of conviction and sentence following the denial of his motion to suppress. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

## I.

On July 4, 2023, two Miami-Dade police officers were patrolling the Naranja area of southern Miami. They were in a high crime area and because it was the Fourth of July, shootings were expected. While on patrol, the officers noticed a parked vehicle partially blocking a sidewalk. Brock was standing beside the vehicle, speaking to the driver. Brock looked young and appeared nervous to the officers, who observed him clutching the front pocket of his hoodie. In their experience, this action was consistent with someone attempting to conceal a firearm.

Suspecting that Brock was carrying a concealed firearm while underage, the officers decided to approach him. When Brock saw the officers approaching, he re-adjusted his hoodie pocket and began walking away. Seeing what appeared to be the outline of a firearm in the hoodie pocket, one of the officers proceeded to conduct a limited pat-down search of Brock. The officer recovered a firearm from Brock and asked for his age, to which Brock responded he was nineteen years old. Brock was then

arrested and charged with carrying a concealed firearm, a third-degree felony under section 790.01, Florida Statutes.[1]

Brock filed a motion to suppress the firearm. At the hearing, both officers testified. The arresting officer testified to several factors that led him to develop a reasonable suspicion of criminal activity:

> [ARRESTING OFFICER]: [I]t's the most crime or violent crime committed areas. You know, we get a lot of shots fired calls, a lot of armed robberies, a lot of car thefts . . . Especially on the 4th of July in those areas, a lot of – there's a lot of gunshots . . .
>
> So, that day while I was on patrol, I observed the – that vehicle right there on the road, which was partially blocking a sidewalk. I observed the – the Defendant here in close proximity to the vehicle speaking with another occupant inside the vehicle while he was standing outside. So, as I drove by the area, I – I took note that the Defendant was also the only person in the entire area wearing a hoodie on a hot summer day . . . which in this case, in my experience . . . a person would wear a hoodie when they would like to conceal a firearm . . .
>
> [A]s I drove by the – the vehicle and I was making my observations, he looked in my direction. And that's when I took notice that he was holding or clutching the front pocket side of the hoodie nearest to his waistband. And that's consistent with, in my

---

[1]   Section 790.01 authorizes a person "to carry a concealed weapon or firearm" if that person is licensed under section 790.06 or, if unlicensed, meets the eligibility criteria for receiving and maintaining such a license. § 790.01(1), Fla. Stat. One such criterion requires that the person is "**21 years of age or older**." § 790.06(2)(b), Fla. Stat. (emphasis added).

> experience, with somebody that would be concealing a firearm.
>
> . . .
>
> I took notice that he looked young by . . . his facial features and that he was very nervous as well.

The trial court, having reviewed the body-cam footage and finding the testimony of both officers to be credible, denied the motion to suppress. After Brock pled guilty to the lesser offense of openly carrying a weapon in violation of section 790.053, Florida Statutes, the trial court withheld adjudication and placed Brock on probation. This appeal followed.

## II.

"The trial court's ruling on a motion to suppress evidence is presumed to be correct and is entitled to great deference." Williams v. State, 146 So. 3d 1267, 1269 (Fla. 3d DCA 2014). "This stems from our recognition that 'the trial court is in the best position to evaluate the credibility of witnesses, and appellate courts are obligated to give great deference to the findings of the trial court.'" Valle v. State, 70 So. 3d 530, 541 (Fla. 2011) (quoting Durousseau v. State, 55 So. 3d 543, 562 (Fla. 2010)). "The trial court's factual findings 'will be upheld if supported by competent, substantial evidence, while the court's legal determinations are reviewed de novo.'" Burnett v. State, 246 So. 3d 516, 517 (Fla. 5th DCA 2018) (quoting Vangansbeke v. State, 223 So. 3d 384, 386 (Fla. 5th DCA 2017)).

4

## III.

Brock challenges the denial of his motion to suppress, arguing the officers lacked the requisite reasonable suspicion to conduct the subject investigatory stop. Because the trial court found the officers' testimony regarding the existence of reasonable suspicion to be credible and well supported in the record, we are compelled to affirm. See State v. Quinn, 41 So. 3d 1011, 1013 (Fla. 5th DCA 2010) ("To justify an investigatory stop, the police must have a reasonable suspicion that a crime has occurred or is about to occur, based on the totality of the circumstances . . . Factors that aid the police in determining whether a reasonable suspicion exists to make an investigatory stop include: 'the time; the day of the week; the location; the physical appearance of the suspect; the behavior of the suspect; the appearance and manner of operation of any vehicle involved; and anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge.'" (quoting Hernandez v. State, 784 So. 2d 1124, 1126 (Fla. 3d DCA 1999))); D.B.P. v. State, 31 So. 3d 883, 884-85 (Fla. 5th DCA 2010) ("A trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness and a reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustain a trial court's ruling.");

5

Ladson v. State, 63 So. 3d 807, 810 (Fla. 3d DCA 2011) ("As an appellate court, we must defer to the express finding of credibility by the trial court. We were not there. We did not see the witnesses testify. If believed, the [officer's] testimony supports the court's ruling. The trial judge . . . punctiliously performed the duties of her office in this case and did not devolve into a rubber stamp for law enforcement.") (internal quotation marks and citation omitted); State v. Jennings, 189 So. 3d 1001, 1002 (Fla. 4th DCA 2016) ("Deferring to the trial judge's evaluation of credibility, we affirm the order [on] the motion to suppress.").

We also note that Brock has not lodged a challenge to the constitutionality of section 790.01. While we do not prejudge a question of constitutionality which is not properly before us, the events in this case give pause that perhaps the legislature may want to revisit the constitutional implications and collateral effects of this statute.

As it stands, section 790.01 prohibits anyone under the age of twenty-one from carrying a concealed firearm. A foreseeable consequence is that many law-abiding, young adult citizens who are exercising their Second Amendment rights can be confused for individuals who do not meet the age requirement. In other words, law enforcement officers who are performing their functions in good faith may necessarily mistake a younger-looking adult

6

who is rightfully carrying a concealed firearm for someone who is under the age of twenty-one. In practice, this will likely create a repeated situation where law-abiding, young adult citizens are being stopped improperly. Indeed, a twenty-two-year-old may very well look twenty.

Because principles of judicial restraint counsel against addressing issues which are not squarely presented by the parties, we leave the resolution of this issue to another day.[2] Accordingly, we find the trial court properly denied the motion to suppress.

Affirmed.

---

[2] See State v. Turner, 224 So. 2d 290, 291 (Fla. 1969) ("This Court has, on a number of occasions, held that it is not only unnecessary, but improper for a Court to pass upon the constitutionality of an act, the constitutionality of which is not challenged; that Courts are not to consider a question of constitutionality which has not been raised by the pleadings, or which has not been raised by a person having the requisite interest.").